No. _2:07 CV188-MHT_

ORIGINAL

IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

RECEIVED

2007 MAR -2  A 9: 58

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

In Re: DANIEL LAFITTE DUMONDE,

PLAINTIFF,

VS.

D. DREW, WARDEN, FPC MONTGOMERY,
PAUL D. CLEMENT, SOLICITOR GENERAL
AND THE UNITED STATES OF AMERICA, Et.al,
DEFENDANTS/RESPONDENTS.

---

WRIT   FOR   HABEAS   CORPUS
Article 1, §9, Cl 2, United States Constitution,

& 28 U.S.C. §1651(a)

---

CR-04-B-0176-S, Northern District of Alabama,
DC-03-12747, Jefferson County, Alabama.
UUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUUU

PLAINTIFF:
DANIEL LAFITTE DUMONDE,
#21609-001, MOBILE-B
F.P.C. MAXWELL A.F.B.
MONTGOMERY, ALABAMA
                36112
            -Pro-Se.

WRIT FOR HABEAS CORPUS, 28 U,S,C, §1651

FUNDAMENTAL §DUE PROCESS QUESTIONS

I. DID THE GOVERNMENT HAVE POWER TO EXERCISE JURISDICTION OVER SAME SET OF STATE FACTS SIMULTANEOUSLY BEING CONTESTED BY STATE WRIT OF HABEAS CORPUS IN STATE APPEALS COURT, AS AN ILLEGAL ARREST?

SUB QUESTION 2: WAS DUE PROCESS DENIED BY THE GOVERNMENT"S COM--MENCING PROSECUTION ON THE SAME FACTS AS ON STATE APPEAL?

SUB QUESTION 3: WITH NO INTERIM- LAPSE OF CUSTODY BETWEEN-ILLEGAL STATE ARREST AND FEDERAL PROCEEDINGS, AND, AS THE SAME ILLEGAL ARREST WAS ON APPEAL BY CIVIL REMEDY OF STATE HABEAS CORPUS, DID TITLE 28 USC §1359, PROHIBIT DISTRICT COURT'S JURISDICTION OVER THE PERSON AND FACTS?

II. DOES A SWORN-OATH AFFIDAVIT IN SUPPORT OF ARREST WARRANT-VIOLATE THE FOURTH AMENDMENT, WHEN IT CONTAINS THE EXCLUSIVE CONDUCT OF ANOTHER PERSON,-NO OTHER AFFIDAVIT EXISTING?

SUB. QUESTION 2. DOES AN ARREST WARRANT,-WHEN COMPLETELY UNRECORDED WITHOUT PROOF OF ISSUANCE OR RETURN,VOID THE WARRANT?

III. WHEN THE GOVERNMENT FAILS TO ANSWER CHALLENGE TO ITS-SUBJECT MATTER JURISDICTION AS CONTRARY TO CONGRESS' LEGISLATIVE INTENT OF STATUTE, AND THE SOLICITOR GENERAL WAIVES THE RIGHT OF THE UNITED STATES TO OPPOSE PLAINTIFF'S CLAIM THAT HE WAS NOT CHARGED WITH A FEDERAL CRIME, SHOULD HE REMAIN IN PRISON?

WRIT  FOR  HABEAS  CORPUS

## JURISDICTION

Plaintiff **invokes** this Court's Jurisdiction under Article III,§§ 1, 2,Cl 2, and **Article I, Section 9, Clause 2**, United States Constitution, and in aide of Jurisdiction of this Court by Authority of **Title 28, U.S.C. 1651(a)**.

## TABLE OF CONTENTS

FUNDAMENTAL DUE PROCESS QUESTIONS....................PAGE (i)

JURISDICTION.........................................PAGE (ii)

TABLE OF CONTENTS...................................(ii)

TABLE OF AUHTORITIES...............................(iii)


INTRODUCTION.......................................PAGE ONE

STATEMENT OF CASE..................................PAGE 2-6

CONCLUSION OF STATEMENT OF CASE....................PAGE 7.

SUMMARY OF ARGUMENT................................PAGES 8,9.
ARGUMENT:
QUESTION I, §Jurisdiction over State Facts............PAGE- 10.

QUESTION II.§ Oath or Affirmation,§Probable Cause Affidavit
                                     .......PAGES 11-16.

QUESTION III. SUBJECT MATTER JURISDICTION,LACK OF,.....PAGES-16- 20.

CONCLUSION AND RELIEF..............................PAGE. 21.

PROOF OF SERVICE...................................PAGE. 22

 APPENDIX..........................................PAGE  23.

## TABLE OF AUTHORITIES

**CONSTITUTIONAL AMENDMENTS**

**AMENDMENT FOUR**, §Oath or Affirmation, Warrants,§Affidavit

**AMENDMENT FIVE**, §Deprivation of Liberty, §Fundamental Fairness

**AMENDMENT FOURTEEN**, §States, §Due Process, §Fairness

### CASE LAW

UNITED STATES V. BARRONE, C.A.,9, (Nev.) 1995, 71 F 3d 1442...PAGE 18.

BROWN V. BYER, 870 F. 2d 975, (5th Cir,1989)............PAGE 11.

RANKIN V. HOWARD, 633 F 2d 844,(1980),....................PAGE 16.

DARNALL V. UNITED STATES,(1943 Mun Ct. App DIst Col) 33 A2d 734
                                                    ---PAGE-12.

### SUPREME COURT CASE LAW

DOWLING V. UNITED STATES, 473 U.S. 207,87,L.Ed 105,S.Ct 3127,
                                -(1985).......PAGE 20.

FRANKS V. DELAWARE, 438 U.S. 154,57 L Ed 2d 667, 98 S Ct. 2674,
                                    (1974).......PAGE 12.

RACHIN V. CALIFORNIA,342 U.S. 165, 72 S Ct.205,(1972).......PAGE 21.

UNITED STATES V. JABARA, (1980, CA9 Cal) 618 F.2d 1319, 5 Fed Rules
of Evid Serv 1218,cert den(1980), 446 US 987, 64 L Ed 845, 100 S Ct
2973 and cert den(1980) 449 US 856,66 L Ed 71,101 US S Ct 154,cert-
den.
     .....................................................PAGE 13.

UNITED STATES V. LUNA, (1975 CA6 Mich) 525 F 2d 4 cert den (1976)-
-424 U.S. 965, 47 L Ed 2d 732,96 S Ct. 2674..................PAGE-13.

### STATUTES AND RULES

**TITLE 18 U.S.C. 513**                      OTHER AUTHORITIES

TITLE 28, U.S.C. 1359              Uniform Rules Civ.Procedure,-
                                  Rule 224(c)...PAGES 7,15.
RULE FED. CIV. PROCED.56(e), PAGE -/4.

RULE 4(d)4, PAGE 15.

ALABAMA CODE, 1975,-§15-10-47,(Page 15.),§15-21-31,(Page 10.)

(iii)

TITLE 28 U.S.C. §1651, WRIT FOR HABEAS CORPUS

### INTRODUCTION

COMES NOW THE PLAINTIFF, DANIEL LAFITTE DUMONDE, and asserts his Right to Habeas Corpus Relief, by his priviledge provided by **The United States Constitution, ARticle 1, §9, Cl 2.** He is **in custody** at Federal Prison Camp, Mawxwell Air Force Base in Montgomery, Alabama, **detained under color of Law, to serve a 66-Month Illegal Imprisonment,** for **alledged violation of** single count of **18 U.S.C. §513(a),** making, **possessing, uttering a Forged and Counterfeit-**(Check). Indicted with co-defendant who pled guilty, the Plaintiff went to **Bench-trial** and convicted in **Case No.Cr-04-B-0176-S,(N.D. AL.),** which originated from the same exact facts as Jefferson County, Alabama, **case No.DC-03-12747,-**"Theft of Property".

PLAINTIFF ASSERTS THAT HE HAS BEEN **SEIZED, DEPRIVED OF-LIBERTY AND DUE PROCESS OF LAW, IN VIOLATION OF THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION,** by which he has languished for in excess of **THREE YEARS,** as a **Cruel and Unusual Punishment.** The particularly egregious circumstances, clearly constitute a **Manifest Injustice,** which **warrants an Immediate Release** from his most-illegal confinement.

The Facts herein show that **False Imprisonment** was due to **subterfuge** of State of Alabama Police by the **manufacture of Fraudulent Probable Casuse Affidavit and Fictitious Arrest-Warrant.** Federal Authorities then **USURPING** same Bad-facts, **without Jurisdcition.** The **conviction is void-**"Ab-intio".

**(PAGE ONE)**

<u>STATEMENT OF CASE</u>

As the Federal Case is based on the **exact-same** set of facts as Alabama State Case DC-03-12747, Jefferson County, Birmingham, a brief **pre-history** is in order, to place events in perspective-

<u>PRE-HISTORY</u> ‑**STATE EVENTS.**

**IN AUGUST, 2003,** Plaintiff received a diamond ring from a neighbor-acquaintance, <u>Wade Richard Walker</u>. Contrary to Mr. Walkers version(s) of events, which State,then Federal Authorities based prosecution, Plaintiff was <u>Unaware at the time</u> of receipt, that the ring was stolen property. Plaintiff sold the ring. Some **Two-Months later**, Plaintiff was **"ARRESTED"(SEIZED),FROM HIS HOME,** for **"THEFT" OF THE PROPERTY,** by Jefferson County, Alabama Sheriff's dept. detectives, who <u>**PRODUCED NO ARREST WARRANTS,AS DEMANDED.**</u>

Prior to Plaintiff's arrest, Wade Richard Walker admitted to the Police that <u>**he alone**</u> **passed a Counterfeit Check** to the victim, a Ms. Bobbie Jackson, in exchange for this property. However, also advised that Plaintiff was the person who actually "made the check" and gave it to him for this purpose. <u>**Mr. Walker WAS NEVER ARRESTED ON THE STATE/COUNTY LEVEL.**</u>

Plaintiff was committed to County Jail, and <u>**continued to demand Arrest Warrant**</u>-to **NO AVAIL OF PRODUCTION.** Subsequently filed <u>**NINE MOTIONS**</u> seeking access to the Courts, including **State Habeas Corpus-(SEE EXHIBIT-"S-1"** Docket Summary for <u>DC-03-12747,ALA</u>).

NOT ONE MOTION WAS ANSWERED, AND <u>**NO RETURN WAS MADE TO HABEAS-PETITION CLAIMING ILLEGAL ARREST.**</u> For this failure, **Plaintiff** <u>-**gained extraordinary right**</u>, and <u>**APPEALED REFUSAL TO HEAR HABEAS-**</u> **-DIRECTLY TO ALABAMA COURT OF APPEALS,** even as a pretrial detainee.

**(PAGE TWO)**

## STATEMENT OF CASE

SEE **EXHIBIT "S-2"**, <u>NOTICE OF APPEAL</u>,OF HABEAS CORPUS.

As petitioner awaited relief from The Alabama court of Appeals, he had become entitled to discharge, as a matter of law, for the State's **(illegal and unconstitutional)-refusal** to hear the writ.

## <u>FEDERAL INTERVENTION</u>

**Before any final disposition of the State Habeas Claims** were had, The U.S. Attorney's Office at Birmingham, Al., through it's agent, A.U.S.A John Felton, caused a **"Subpoena"** requesting handwriting exemplars be given in front of Federal Grand Jury-**(Exhibit-"A")**, be served on (then State Detainee) at The County Jail. Plaintiff refused **"Subpoena-signed only by a Deputy Clerk"**, which was not a Judicial-Act/Order, and **informed the Secret Service Agent** server, **that <u>THE SAME SET OF FACTS WERE ON APPEAL AT THAT TIME</u>**, and that this Pro-Se Habeas Petitioner, was <u>without an attorney</u>. A letter of refusal and reasons were sent to U.S. Attroney's office-(SEE <u>CONTENT OF EXHIBIT-"B"</u> Gov. Motion   4/28/2004)

Six days later of the serving of subpoena, the U.S. marshal seized, chained, shackled, handcuffed, and **Removed State detainee** **from County Jail,** and State Custody,-**WITHOUT ANY WRIT, WARRANT,** **OR ANY OTHER PROCESS/AUTHORITY FOR TRANSFER TO FEDERAL** **-JURISDICTION.**

**Taken to Federal Courthouse-for a single day-April 28,2004,** State Detainee/Federal-"Suspect" was **first** <u>FORCED IN FRONT OF GRAND</u> <u>JURORS-UNDER PROTEST-STILL WEARING PRISON STRIPE JAIL UNIFORM-AND</u> **"LEG SHACKLES", AND "HANDWRITING SAMPLES DEMANDED BY A.U.S.A.**

**(PAGE THREE)**

**STATEMENT OF CASE, CON'T**

TWO DAYS AFTER THAT EVENT, FEDERAL INDICTMENT RETURNED TO A SINGLE COUNT VIOLATION OF **TITLE 18,§513(a),** making, possessing,uttering a <u>FORGED</u> and Counterfeit Security-(Check-same as used in the State Crime still on Appeal). [SEE <u>INDICTMENT</u>, <u>APRIL 30,2004</u>,-Exhibit-<u>"C"</u>].

Federal proceeding commenced, April **30**, 2004, as the same facts remained on Appeal by Habeas Corpus-through <u>May 19,2004.</u>)

Also on **May 18,2004**, The Secret Service returned their **Report Analysis** of the **TEN-Pages of Handwriting Samples taken during the** Appearance in front of the Grand Jury on **APRIL 28,2004),** where <u>**ALL SAMPLES WERE-"INCONCLUSIVE"**</u> to any Government cause, yet Plaintiff was already pre-Indicted-<u>APRIL 30,</u> for a <u>**FORGED**</u> and Counterfeit Security. The Grand Jurors, obviously by the date of the return of the handwriting results, <u>Were never presented or considered that evidence</u> in their return of Indictment. While evidence is not the issue here, but the Egregious **Denial of Due Process** and fundamental fairness. -(SEE **EXHIBIT-"D"**, Secret Service-Handwriting results.)

Plaintiff continued to insist the State Arrest illegal and therefore the Federal proceeding based on the Unconstituional State Arrest. The Government finally produced the State Warrant and Supporting Documents-(on a Motion to Show cause why these were <u>missing from discovery</u>)-and they were then <u>Entered on The Record of The United States District Court</u>- as legitimate cause for Plaintiff's arrest, and the conducting of a Federal trial. -SEE **EXHIBIT-R-PAGE 8**, Sept.9,2004, entering these on record)

**(PAGE FOUR)**

## STATEMENT OF CASE, CON'T

EXHIBIT-"G":
The Warrant contained <u>Illegible signatures</u> purporting to have been signed by a "Judge Watkins"-which is <u>Typed</u> at the bottom the Arrest Warrant, near "Bond". A rubberstamp-"committed to jail" -date, has been altered. The execution date-<u>"0000"</u>, and neither this Warrant or supporting Probable Cause Affidavit include any <u>Clerk's Authentication</u>. (EXHIBIT-"<u>G</u>", Arrest Warrant)

EXHIBIT-"J":
The supporting **Probable Cause Affidavit**, -(EXHIBIT-"<u>J</u>"), contains the same illegible signature purporting to be a Judge- or Magistrates. The affiant of both Arrest Warrant and Probable Cause Affidavit, are **not the arresting Officers, but** <u>the affiant and victim</u>, Bobbie Jackson.

When **Ms. Jackson appeared at trial on Sept.13,2004**, affaint <u>**Jackson PROVED CONCLUSIVELY BY HER TESTIMONY THAT THE CONDUCT IN HER SWORN OATH PROBABLE CAUSE AFFIDAVIT WAS EXCLUSIVELY THAT OF CO DEFENDANT, AND CONTAINED CONDUCT THAT PLAINTIFF WAS NEVER ACCUSED OF**</u>. Contrary to the Probable Cause stated there that this Plaintiff had "**COME UP TO HER HOUSE'AND "(GAVE)HER A CHECK IN EXCHANGE FOR HER PROPERTY**", Jackson testified she had never seen Plaintiff before-**(<u>R-PAGE 96</u>, <u>LINES 18,19</u>.) Said she <u>DID NOT HAVE ANY PERSONAL KNOWLEDGE THAT PLAINTIFF WAS INVLOVED IN THE CRIME</u>**"-(SEE <u>R-PAGE 100</u>, LINES 21,22,-<u>23,25</u>).

**AD NAUSEUM OBJECTIONS TO CLEAR FOURTH AMENDMENT VIOLATION PROVING** <u>**FALSE ARREST**</u>, were <u>**OVERRULED**</u> by The District Court Judge, Black--burn. As this Warrant and Affidavit containing the **Exclusive conduct of another person**, would be known to a law-student to be <u>**plain wrong**</u>, The Judge was unreasonably biased-disabled.

**(PAGE FIVE)**

### STATEMENT OF CASE, CON'T

-If the trial had otherwise been conducted legally, for it was certainly not, based upon the transfer of custody while the same set of facts were on State Appeal by Habeas Corpus, the Judge's single egregious act of **"Overruling the Protections of The Fourth Amendment", was a <u>flagrant denial of Due Process</u>** and forfeiture **<u>of right to Fair proceedings/trial</u>**.

(SEE <u>R-PAGE 7</u>, Sentencing of <u>APRIL 15,2005-OVERULE</u>)

### CLEAR MALFEASANCE

It must be noted here that the **A.U.S.A** John Felton was a newly-appointed Assistant U.S. Attorney at the time of his action of removal and transfer of Plaintiff, first without any Indictment <u>or writ,</u>then as the Indictment returned and the same facts remained on State Habeas Corpus Appeal. <u>**A.U.S.A Felton's previous-position**</u> before the Federal government, was **Deputy District Attorney from the same County Circuit** of the State Case. He had to communicate with his former boss, <u>District Attorney David-Barber</u> of The Tenth Judicial Circuit at Birmingham, Alabama, in order to **orchestrate the removal of Plaintiff from State to Federal-Custody**, and **both of them <u>would have certainly known</u>** that the <u>same set of facts were indeed on Habeas Corpus Appeal</u>. There is <u>no way to otherwise present or mitigate this claim,</u> the absolute fact is <u>**A.U.S.A and District Attorney acted by artifice, scheme and unlawful assignment to invoke Federal Jurisdiction**</u>.

The cause of their illegal actions now appear to have been an effort to **force and or intimidate** Plaintiff to pleading guilty- (to a crime Plaintiff <u>maintains innocence</u>), and in effort to **cover-up and conceal** the fact of the <u>**Fraudulent and Fictitious-Arrest Warrant and False Probable Cause Affidavit in this case.**</u>

(PAGE SIX)

## STATEMENT OF CASE, CONCLUSION

This contention is supported by the fact that the **Arrest-Warrant and Fraudulently Concocted Probable Cause Affidavit, are in fact - UNRECORDED IN THE CLERK"S OFFICE** of the County **Courthouse,** and this is also the likely reason they were not produced to the original State Habeas Corpus petition, which **went--unheard** there.

### ARREST WARRANT/AFFIDAVIT,UNRECORDED

**PROOF**: Plaintiff contacted the Jefferson County, Alabama, County-Clerk, **Anne Marie Adams,** from prison, and requested certified copy of **Arrest Warrant and Probable Cause Affidavit-(EXhibits "G" and "J",)** as on file in the Clerk's Office. Plaintiff then received letter from the Clerk, dated **Oct 31,2005,** wherein she stated that-**"NO ARREST RECORD IS IN THE CLERK'S FILE".** CLerk did include **Docket Summary for State Case DC-03--12747,)-(SAME AS EXHIBIT-"S-1"),** which also **SHOWS NO -"ISSUANCE OR RETURN" OF ANY ARREST WARRANT,** which is mandatory in all jurisdictions, by uniform Rules of Criminal Procedure.[1]

*1. **Rule 224,(c).**

### LACK OF SUBJECT MATTER JURISDICTION

Finally, had the arrest and process actually been legitimate, it was **otherwise made illegal by fact the government did not have subject matter jurisdiction,** or necessary elements present to **charge a crime under Statute 18,U.S.C.,§513(a),** charge of The Federal Indictment. This fact is Proven herein, and no less by the fact that **THE SOLICITOR GENERAL OF THE UNITED STATES,HIMSELF WAIVED RIGHT TO ARGUE THIS ISSUE IN THE SUPREME COURT.**

The clear facts here are that **Plaintiff has been deprived of rights under color of Law,** by flagrant violations of Due-Process, in violation of **THE FOURTH,FIFTH AND FOURTEENTH AMENDMENTS.**

**(PAGE SEVEN)**

## SUMMARY OF ARGUMENT

First, The State of Alabama never had personal jurisdiction of Plaintiff based upon a **False Arrest accomplished by Perjured-Probable Cause Affidavit and UNRECORDED/FICTITIOUS ARREST-WARRANT.** where use of these **"NO CHARGING INSTRUMENTS"** to SEIZE PLAINTIFF FROM HIS HOME, **was tantamount to kidnapping.** Plaintiff filed a State Habeas Corpus from County Jail, and **The State refused to -respond,** suspending this right. **Exclusive Jurisdiction** of these facts were conferred on the **State,** when at the time State detainee -**Appealed County Circuit's Refusal to hear Habeas writ-to Alabama Court of Appeals, which prohibited custody transfer.**

While (then **Ex-Parte) Habeas Writ was pending, The Federal-Government** removed State detainee from County Jail and State Custody, contrary to State and Federal Stutures, Policies and-Denied Fundamental Fairness, to invoke Federal Jurisdiction of the same State facts, by **artifice and device of assignment,** using a **"Subpoena Only" signed by deputy clerk,** and without **writ** or other **Judicial Act Authorizing Transfer,** to an arbitrarily stated purpose of demanding "Handwriting Samples" be given in front of a Federal Grand Jury, **April 28,2004. Plaintiff was subsequently forced to-appear,** while wearing his "prison-stripe" County Jail uniform and -"leg-shackles", on the premise of "investigating"same State facts.

Two-days later of that event, Federal Indictment returned **April--30, 2004, for violation of 18USC 513(a), making, possessing,etc. a Counterfeit-(Check)-[Exhibit-"C"].** Only then was a writ obtained by The Federal Government for transfer to Federal Custody for the purpose of Arraignment, then Federal Proceedings commenced-**while-**

(PAGE EIGHT)

## SUMMARY OF ARGUMENT, CON'T

--the same remained on State Appeal contested as an ILLEGAL-ARREST,WITHOUT DISPOSITION-(through MAY 19,2004),when the Federal Intervention/Indictment caused the State Appeals Court to SUMMARILY -DISMISS the Appeal-Without Comments or reasons (EXHIBIT-"S-3).

State Jurisdiction was USURPED, there being No Interim-lapse of custody between State and Federal Seizures(s). The District Court-did not have jurisdiction to hear government's case-(28 USC §1359) Forced to Illegal Federal trial, Plaintiff opted for bench trial, in belief Judge would acknowledge a clear False Arrest. The Judge-was unreasonably biased/disabled, when she OVERRULED OBJECTIONS TO-CLEAR VIOLATION OF THE FOURTH AMENDMENT'S PROVISION OF "OATH OR AF--FIRMATION", (R-7) as the Probable Cause Affidavit was PROVEN FALSE-AND PERJURED, -IPSO FACTO,-BY THE AFFIANT'S OWN TRIAL-TESTIMONY,-SEE -(Exhibit "J",Affidavit, and -R-PAGES 96,100,102)

After that testimony, The County/Arresting Officers, were allowed to state-verbally-only-"Other Probable Cause"-not contained in any -other Affidavit, this contrary to fundamental principal of Law in--"Four Corners Doctrine".

Committed to Prison, Plaintiff wrote to The County Clerk's Office and requested certified Copy of same Arrest Warrant and Affidavit--(Exhibits-"G"and "J"), to which the Clerk responded by letter of Oct 31,2005, stating -"NO ARREST RECORD IS ON FILE" SEE-(EXHIBIT-"L")

Finally, Plaintiff also took Certiorari from Eleventh Circuit - Court of Appeals failure to address/understand this Issue that the Government had NO SUBJECT MATTER JURISDICTION, and FAILED TO CHARGE PLAINTIFF WITH A FEDERAL CRIME UNDER STATUTE 18USC §513. The Supreme-Court never heard the Petition, but THE SOLICTOR GENERAL responded-by filing a WAIVER OF ANY ARGUMENT.  SEE-(Exhibit-DOC.1)

**(PAGE NINE)**

**I.**  **THE GOVERNMENT DID NOT HAVE POWER BY JURISDICTION OVER THE SAME STATE FACTS ON APPEAL BY STATE HABEAS CORPUS.**

As the **very same** set of State facts sought to be Federally -prosecuted were facts being **simultaneously contested by State Habeas Corpus**, on constitutional grounds of **illegal arrest**, fundamental fairness afforded by **The Due Process clause of The Fifth and Fourteenth Amendments** would **prohibit** transfer of the facts and person to Federal Jurisdiction.

First, ALabama law, **Code 1975**, Section **§15-21-31**, clearly **prohibits transfer** of custody to elude effect of Habeas Corpus, and provides **fine and imprisonment** for such transfer. Yet in **-collusion** with the State District Attorney-for no transfer could have occured without his knowledge-**A.U.S.A.** John Felton at Birmingham, did remove then State detainee/Plaintiff, from State Custody without any Writ, on **April 28,2004-(Exhibit A)**, for the **purpose of** "demanding Handwriting samples be given in **front of Fedral Grand Jury-(Exhibit-B)**, relevant to the same **(counterfeit) check used in the State crime.** This transfer causing by prejudicial appearance -in jail clothes and "leg shackles", **the** Federal Indictment to return **April 30,2004,-** **(Exhibit-"C")**, which caused the State Court of Criminal Appeals to DISMISS THE HABEAS PETITION,**[ALA-CR-03-1126]**,**(EXHIBIT-"S-3) -WITHOUT CITING ANY REASONS**-ON **MAY 19,2004),**which shows by the date that Federal Arraignment and prosecution was begun-**April-28,30**, while the same set of facts remained on State Appeal.

**SUB QUESTIONS 2,3. THE DISTRICT COURT DID NOT HAVE PERSONAL-JURISDICTION OF PLAINTIFF'S PERSON-OR THE FACTS.** -As the State-facts were undeniably on State - appeal, at the same time they were **USURPED, and this accomplished by improper assignment and collusion** by The A.U.S.A and District Attorney to invoke Fed-Jurisdiction, **28 U.S.C. §1359, PROHIBITED COURT'S JURISDICTION.**

<u>ARGUMENT AND ANALSIS</u>

**II.. § OATH OR AFFIRMATION, §PROBABLE CAUSE AFFIDAVIT**

A SWORN OATH AFFIDAVIT CONTAINING THE EXCLUSIVE CONDUCT OF ANOTHER PERSON, USED AS PROBABLE CAUSE AFFIDAVIT FOR ARREST -WARRANT, <u>CLEARLY VIOLATES THE FOURTH AMENDMENT</u>, AND VOIDS ANY- -WARRANT, WHEN NO OTHER AFFIDAVIT OR RECORD EXISTS.

As the Federal proceeding commenced, Plaintiff continued to request production of The Arrest Warrant and supporting Affidavit. When these were finally (reluctantly) produced, these spurious documents were <u>entered on the record of The U.S. DISTRICT-COURT</u>, -as legitimate cause for Arrest-and the conducting of a Federal Trial. -(SEE <u>R-PAGE 8</u>, Sept.9,2004- Sup - -pression hearing for CR-04-B-0176-S, same Affidavit Entry)

The Affidavit,[<u>Exhibit-"J"</u>], clearly contained the <u>Exclusive Conduct of Another Person</u>, and <u>NONE</u> of The Conduct sworn in that Affidavit could be attributed to this then defendant.

In <u>BROWN V. BYER</u>, 870 F. 2d 975,(5th Cir.1989), it was held:   -"THE EXISTENCE OF A FACIALLY VALID WARRANT FOR- ARREST OF ONE PERSON DOES NOT AUTHORIZE A POLICE OFFICER TO EFFECT AN ARREST OF ANOTHER PERSON,- <u>EVEN IF THE OFFICER BELEIVES THE SECOND PERSON IS GUILTY OF THE FIRST PERSON'S CRIMES</u>".
  **(Emphasis added)   (Am Jur 5,§28, designation of- -persons to be arrested.**

The conduct was determined to be <u>exclusively that of co- defendant.</u> **That this was true, was** CONCLUSIVELY PROVEN AT TRIAL in cross examination of the victim-and affiant of the Affidavit's-own **trial testimony.** The victim's Affidavit swears:

**"<u>SUSPECT CAME TO MY HOME</u>, SAID HE WAS PAUL MOORE'S SON. PRESENTED ME WITH A COUNTERFEIT CASHIER'S CHECK IN EXCHANGE FOR- MY DIAMOND RING",ETC. (SEE-<u>EXHIBIT"J"</u>)** The victim was then-

(PAGE ELEVEN)

## ARGUMENT AND ANALYSIS

--questioned concerning her Oath, and on R-PAGE 96,(Attached),- LINE 18, this defendant asked- "Have you ever seen me before, -ma am? To which she answered-LINE 19,-"NO".

   At R-PAGE 100,(Attached), LINES 21-23, The Court asks affiant- -Do you have ANY PERSONAL KNOWLEDGE of your dealings that this -man was involved? The affiant/victim replies: LINE 23: -"Oh -NO, huh-uh". and at LINE 25,-"I JUST GOT IT ALL FROM -AUTHORITIES".

   At PAGE 102, this Pro-Se defendant asked,LINE 8, -"So I've- never come up to your house? ANSWER, LINE 10: -YOU NEVER CAME -UP TO MY HOUSE".

   It was then and there proved by the affiant's own testimony, that the content the Probable Cause Affidavit,[Exhibit-"J"], was- completely FALSE, as it's sworn-Oath Affirms: "SUSPECT CAME TO -MY HOME", Etc.

   Here, as in FRANKS V. DELAWARE, 438 US 154, 57 L Ed 2d 667, -98 S Ct 2674,(1974), the Fourth Amendment prohibits the "Knowing or Reckless falsity of the affidavit" in which Probable Cause determination is made.

It has been the Historically Unchanged Stare decisis of the Supreme Court that-"when Affidavit is completely insufficient,- warrant of arrest is void"-DARNALL V. UNITED STATES,(1943 Mun -Ct. App Dist Col) 33 A2d 734. In  case  after  case,  if  a defendant can establish that a warrant affidavit contains- (1.) "statement or statements made with reckless disregard for- -their truth and(2.) court finds challenged material necessary-

                    (PAGE 12.)

## ARGUMENT AND ANALYSIS

-- to finding of Probable Cause, <u>then the Warrant must be-</u>

<u>-Voided</u>". <u>UNITED STATES V. JABARA</u>, (1980, CA9 Cal) 618 F.2d-

1319, 5 Fed Rules of Evid Serv 1218, <u>cert den</u>(1980) 446 US 987,

64 L Ed 845, 100 S Ct 2973 and <u>cert den</u>(1980) 449 US 856, 66

L Ed 71,101 S Ct 154,<u>cert den</u>.

> "Affidavit suffcient on it's face for issuance of
> a warrant may be impeached when **(1)** false statement
> was made by affaint to deceive court,<u>or **(2)**
> Statement was False when made, and AFFAINT DID NOT
> HAVE REASONABLE GROUNDS FOR BELIEVING SUCH
> STATEMENT"</u>        (Emphasis Added)
>
> <u>UNITED STATES V. LUNA</u>, (1975 CA6 Mich) 525 F 2d
> <u>4</u>, <u>cert den</u> (1976) 424 US 965,47 L Ed 2d 732, 96
> -S Ct. 2674.
>                                    -USCS, Amendment 4.

As shown in <u>Luna</u> and case set out <u>Supra</u>, the victim/affiant

**had** <u>No Reasonable Grounds or Personal Knowledge</u> for believing

any crime to have been committed by Plaintiff, and the

affidavit was **completely False when made**. NOTE: It should be

noted that the Arresting Officers never filed any complaint

Affidavit Application for an Arrest Warrant for this then

suspect themselves. Instead, they **induced the victim to sign**

**a Perjured and Fraudulently concocted Affidavit**, combining the

conduct of the actual perpetrator-(so-called co-defendant),

-<u>with this suspect's vital information.</u> In fact, the County

Cops **knew more than Two-Months prior to concocting the**

**Fraudulent Affidavit**, that the conduct they ultimately-

(convinced the victim to use)-was not this suspect's conduct.

In one of their work-product-"jencks material obtained from

government discovery-(<u>Exhibit-"H"</u>), it states that they

"contacted the victim" and <u>she described the suspect as being</u>

<u>approximately NINETEEN YEARS OLD</u>"(This suspect then a <u>51-Year-</u>

**(PAGE 13.)**

## ARGUMENT AND ANALYSIS

**--Old Man.**

The date on the **Exhibit-"H"** document,-**8/29/2003**, shows this true, as the False Affidavit and Warrant are dated-**10-16-2003**, or some near **Two-Months Apart.**

As it is clear that the supporting Affidavit is **false,** the affidavit incorporated in the document purporting to be a valid warrant-**"Exhibit"G"**, is equally **False, for it also contains a (conclusory) statement, signed by the same victim-as-affiant.** that this Plaintiff knowing deprived her of her property-one diamond ring.  **(SEE EXHIBIT-"G", State Arrest Warrant.)**

Moreover, **RULE 56(e),** Fed Rules Civ. Procedure, states: **Supporting and opposing Affidavits SHALL BE MADE ON PERSONAL-KNOWLEDGE,** Shall set forth facts as would be admissable in evidence, and SHALL SHOW AFFIRMATIVELY THAT THE AFFIANT IS COMPETENT TO TESTIFY TO THE MATTERS THEREIN".

**Only After** of this revelation of the falsity in the Affidavit and Warrant at trial, did the County Cops/Arresting Officers claim that they in fact had **"Other Probale Cause"-Not contained in any other Affidavit, and they were allowed by that District Court** to state-**"Verbally Only"** other extraneous events as Probable Cause-**NOT CONTAINED IN ANY OTHER AFFIDAVIT.**

This allowance by the District Court was a **fundamental denial of Due Process,** as an elementary principal of Law-**"The Four -Corners" doctrine,** prohibits the adding of Probable Cause once an application is made on insuffcient material.

Additionally it should be noted that that Court was unreasonably biased **and disabled enough to OVERRULE THE OBJECT-**

### ARGUMENT AND ANAYSIS

-JECTIONS OF THIS DEFENDANT TO THE APPARENT AND EGREGIOUS

VIOLATIONS OF THE FOURTH AMENDMENT, which as a single

outrageous act, violated the Right to a Fair Trial.

(SEE ATTACHED, -R PAGE 7-Sentencing hearing, APRIL 15, 2005)

Finally, in continuing effort to obtain a modicum of Justice

in this matter, Plaintiff contacted the Jefferson County,

Alabama, County Clerk, Anne Marie Adams, by letter from Prison,

and requested certified Copy of The Douments purporting to

legitimate instruments here, -[Exhibits-"J" and "G"]. The clerk

responded by letter of Oct.31,2005, and there stated-"NO ARREST

WARRANT-OR ANYTHING-IS RECORDED IN THE CLERK'S FILE".

(SEE ATTACHED, Clerk's letter,-EXHIBIT-L")

The Arrest Warrant and affidavit is, simply UNRECORDED. A RETURN-

OF AN ARREST WARRANT IS MANDATORY by Alabama Code 1975-§15-

-10-47; A RETURN OF AN ARREST WARRANT IS MANDATORY by UNIFORM-

RULES OF CRIMINAL PROCEDURE-RULE §224(c); The same is REQUIRED

BY FEDERAL RULES OF CRIMINAL PROCEDURE,-(RULE 4,(d)4)

### CONCLUSION OF ISSUE OF PERSONAL JURISDICTION

Plaintiff has asserted in The District Court that the County

Cops, having insuffcient Probable Cause, knowingly induced

the victim to sign the Falsely Concocted Affidavit, then

as a Magistrate would likely not issued an arrest warrant,

simply signed the affidavit and Warrant-themselves.

Examination of the Warrant and Affidavit Magistrate's

signatures, shows that they are COMPLETELY ILLEGIBLE. In

any event, the warrant documents cannot be proven to even

exist, they are "NO CHARGING INSTRUMENTS", and could not-

confer PERSONAL JURISDICTION TO STATE, NOR THE FED GOVERNMENTS.

(PAGE 15.)

## CONCLUSION OF ISSUE OF PERSONAL JURISDICTION

Before going to the next Issue of Subject matter Jurisdiction, which is actually moot, in light of the fact that the <u>federal Government seized Plaintiff's False Arrest-in a continuous chain of custody,</u> and the spurious unrecorded arrest warrant documents cannot be shown to be otherwise legitimate, it has been **held concerning Personal Jurisdiction,** **-that:**

> **[6]** "If a court lacks jurisdiction over a party, then it lacks "all jurisdiction" to adjudicate that party's rights, <u>whether or not the subject matter is properly before it</u>" See e.g.,<u>Kulko v. Superior Court</u>, **436 U.S. 84,91, 98 S Ct. 1690,1696, 56 L Ed 2d 132 (1972)** "it has long been the rule that a valid judgement imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having <u>jurisdiction of the person of the defendant</u>") (cittations ommitted); In Re Wellman, 3-Kan. App. 45 P. 726,727,**(1986)**(ex-parte guardianship proceeding <u>would be a "flagrant violation of due process,</u> <u>redering any order</u> <u>-NULL AND VOID</u>"

Quoted from **RANKIN V. HOWARD**, 633 F. 2d 844,(1980),Id. at <u>848-849</u>, Headnote 6.

## GROUNDS III.

**SUBJECT MATTER JURISDICTION.**

As this fundamental Issue was raised in the Eleventh Circuit on direct appeal **No.05-12349, that Court failed to Rule on the merits of this claim.** Plaintiff took certiorari to Supreme Court,**No.06-8405, which was denied-without more. As Plaintiff cannot rely on that Court's discretionary agenda, he has withdrawn Motion for Rehearing,** to bring this claim here, as "jurisdictional claims can be brought at any time". -<u>UNITED STATES V. NUKIDA</u>, **8 F 3d 665;668-69 (9th Cir.1993)**

**(PAGE 16.)**

### III. SUBJECT MATTER JURISDICTION

Plaintiff asserts that The Federal Government <u>FAILED TO CHARGE PLAINTIFF WITH A FEDERAL CRIME</u>. **The Indictment for a single violation of** <u>Title 18 USC §513(a)</u>**,** making, possessing uttering a counterfeit security-(check), **(<u>EXHIBIT-"C"</u>),** states:

> On or about the 25th day of August, 2003, in Jefferson County Alabama, the defendants....
>
> **each aided and abetted by the other, with the <u>intent to deceive Bobby Jackson</u>, did knowingly make, possess, utter, and did knowingly casuse to be made, possessed, a counterfeited security, that is, an official check in the amount of $16,500, <u>drawn on Region's Bank</u>, Birmingham, Alabama, an organization which operates in and affects interstate commerce, in violation of Title 18, USC 513(a) and 2".**

At trial, the Government's own witness, Bruce Weatherford, testified that although the False Checks that the **Counterfeit** purports to mimick, were sold by Region's Bank, and Region's Bank's name appears on the checks, the checks are in fact owned by a seperate company, **"<u>IPS</u>"**, or Integrated Payment Systems". **SEE** <u>R-PAGE 233</u>, **LINE 13-14**, and <u>17-18</u>, where **Mr. Weatherford states-"<u>They own these checks</u>".**

Actual Owner, **"<u>IPS" was not named party in the Indictment</u>. and No one representing "IPS" interests, testified at trial.** Mr. Weatherford, was <u>unsure what type of relationship his Bank had with actual owner "IPS"</u>. On cross, he was asked if **his Bank was a Broker for "IPS"-R-PAGE 233, LINE 25,-R-PAGE 234, LINE -1).** Weatherford stated he -"<u>**WOULDN'T SAY**</u>"and was "<u>NOT SURE</u>" what the correct terminology is.-**(PAGE 23 ,LINES 2-3.)** ASked <u>if actual owner, IPS, affected Interstate Commerce,</u> he replied, -"<u>**I DON'T KNOW**</u>".

**(PAGE 17.)**

### III. LACK OF SUBJECT MATTER JURISIDCTION

MOST IMPORTANTLY The government asked it's witness on **Re-Direct**, <u>R-PAGE 234, LINES 15-16,</u> if he verified that the account number on the bottom was a Region's Account number. He agreed that,yes, it was a Region's Account number, but that if the check were sent to Region's Bank,-**"it COULD NOT POST, TO THE ACCOUNT,-BECAUSE THE ACCOUNT NUMBER IS -NON-EXISTENT AT REGIONS BANK."** SEE-(<u>R-PAGE 234,LINES 21-22.</u>)


### ARGUMENT AND ANALYSIS

The premier Authority and comprehensive Case Law on this Issue is <u>**UNITED STATES V. BARRONE,**</u> **C.A. 9 (Nev.) 1995, 71 -F.3d 1442,** where it was held concerning Statute Section -Title 18, 513(a),-

> **"non existent shell companies** on whose accounts checks were drawn in course of scheme to utter forged securities <u>**were not "Organizations" whose activities affected interstate commerce within the meaning of statute making it a Federal Offense to utter with intent to deceive**</u> ,forged security of organization, as as only effect on interstate commerce resulted to victim which operated in interstate commerce; <u>**intent of statute was to tie jurisdictional element to interstate effect of organizations' operations,**</u> **NOT OFFENSE CONDUCT."**

**The Issue here** is the language of **Statute §513(a), and the proper interpretation of-<u>"affect interstate...commerce"</u>.**

Plaintiff was accused and convicted of making the counterfeit check and giving it to co-defendant, who then exchanged the check to the victim-on private property-for her personal property,one diamond ring. As the indictment language says-<u>"with the intent to deceive Bobbie Jackson-</u>

**(PAGE 18.)**

### III. LACK OF SUBJECT MATTER JURISDICTION
--which defines the **only intent as the "Offense Conduct"**.

IN THE **BARRONE CASE,** the participants cashed a number of checks purporting to be payroll checks on accounts of <u>various legitimate-businesses,</u> and cashed at other existing businesses. The checks were in fact **drawn on closed accounts or accounts with insuffcient funds.** Bank representatives testified in the **Barrone** case regarding the dates on which the various accounts were opened and closed. Several victim-business owners testified that <u>they operated in Interstate Commerce</u>. The fact that the fraudulent checks were drawn on accounts which were insuffcient or closed, **apparently did not affect the "Organizational-Operations" of the Interstate Commerce of the -Bank.** The affecting of the Interstate Commerce of a person or business' **"Organizational Operations"** is the requisite element for which to charge a crime under Statute 18 USC §513. It was held in **Barrone** that the IMPOTENT-Checks there were-only drawn on "Shell Companies", and this **"Offense Conduct" only** necessarily did not affect Interstate Commerce of The Bank, and that the **18 USC §513 could not be used to charge the crime(s).**

Plaintiff asserts here, an previous to the Government, that <u>The same principal in **Barrone** equally applies in the instant case.</u> Because, the False Check here, that the counterfeit purported to mimick, **was not "drawn on Region's Bank,"** when the <u>actual owner was a company called **"IPS"**</u>, and the Government did not even establish that **"IPS"** worked in interstate commerce. <u>Region's Bank otherwise had **NO LIABILITY**</u>, as The Instant check was actually same as a **"Shell Company"** when it was so <u>IMPOTENT</u> that it **"COULD NOT POST"** as the account numbers-<u>**"NON EXISTENT"**</u>.

**(PAGE 19.)**

## IN CONCLUSION OF SUBJECT MATTER JURISDICTION

The Indictment charging Plaintiff in violation of **18 USC-§513-(a)**, was an illegal act done **under color of law** by ommission of requisite element in pursuance of an act of Congress' legislative intent in enacting Federal Statute **§513.**

> "When assesing the reaach of a criminal statute, close heed must be paid to **language,history and purpose in order to strictly determine the scope the enactment forbids**"
> **DOWLING V. UNITED STATES**, 473 U.S. 207, 87, L. Ed 105-
> -S Ct. 3127, (1985)

The government did not otherwise argue any other jurisdictional theory to the trier of fact, and **completely failed to address this issue on direct appeal, No.05-12349 I,**(Eleventh Circuit). The government has abrogated their clear duty to **Prove Jurisdiction**, when so contested. When the same argument was submitted to **The Solicitor General** of The United States, he responded by FILING A **WAIVER OF THE GOVERNMENT'S RIGHT TO ARGUE THIS ISSUE**, IN THE SUPREME COURT OF THE UNITED STATES. —(ATTACHED, EXHIBIT—DOC.1).

**IN CONCLUSION,**

It is clear that the government **Failed to charge Plaintiff with a crime under Title 18,513(a)** , and Plaintiff's argument is sustained by the examination of **Congress'legislative intent in Barrone.**

**(PAGE 20.)**

## CONCLUSION AND RELIEF

That Plaintiff was **Ruthlessly seized by lawless State actors from his Home** , deprived of Liberty, Fairness and Due Process of Law **by both State and Federal Governments, cannot be reasonably-disputed or legitimately opposed**. In an **unconstitutional chain of unbroken custody**, Unrecorded Arrest Warrants, False affidavits and void process that could not confer any jurisdiction, the current conviction here is **"void-ab-intio" on it's face**, and his current imprisonment is particularly-egregious and Unjustified.

### RELIEF

IN RELIEF, DECENCY,JUSTICE AND THE LAW REQUIRE PLAINTIFF'S FREEDOMS RESTORED, AND HE PRAYS THIS HONORABLE COURT TO RESTORE HIS LIBERTY AS HE IS ENTITLED AND AS OVER(DUE), BY IMMEDIATE RELEASE OF THE PRISONER.

ON MY OATH, and by Title 28,U.S.C.§1746,-

The foregoing sworn true under penalty for perjury, and **RESPECTFULLY SUBMITTED**,

THIS 28 DAY OF FEBRUARY,2007,

By- /S/ _(signature)_

DANIEL L. DUMONDE, PLAINTIFF,PRO-Se.
#21609-001, MOBILE-B
F.P.C. MAXWELL AIR FORCE BASE
MONTGOMERY, ALABAMA, 36112

There is no justification for the knowing and deliberate violations of the rights of the -individual".
**Rachin v. California**, 342 U.S. 165,72 S Ct.205,(1972)

(PAGE 21.)

## PROOF OF SERVICE

That I, Daniel DuMonde, Plaintiff in the foregoing Writ for Habeas Corpus, do hereby swear and affirm, that I have caused true copies of the **Petition, filed by Authority of Article 1, Section 9, Clause 2, United States Constituion, and 28 USC §1651,** to be placed in the mail box of this Instituion, U.S. Postage correct and paid, addressed to the following parties:

WARDEN D. DREW,
F.P.C. MAXWELL AIR FORCE BASE
MONTGOMERY, ALABAMA, 36112

PAUL D. CLEMENT,
SOLICITOR GENERAL OF THE UNITED STATES
950 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C, 205  -0001

SO SWORN BY TITLE 28 USC §1746,

AND DONE, THIS _28_ DAY OF FEBRUARY, -2007,

BY-
/s/ _Daniel L. DuMonde_
DANIEL L. DUMONDE, PLAINTIFF
=PRO-SE
#21609-001, MOBILE-B
F.P.C. MAXWELL AIR FORCE BASE
MONTGOMERY, ALABAMA, 36112

(PAGE 22)

_L. L. DUMONDE, PRO-SE_
_-001, MOBILE-B_
_AL PRISON CAMP, MAXWELL AFB_
_GOMERY, AL., 36112_

_TO: CLERK'S OFFICE_
_U.S. DISTRICT COURT,_
_MIDDLE DISTRICT OF ALABAM,_
_ONE CHURCH STREET_
_MONTGOMERY, AL.,_
_    36104_



```
ACRO372             ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2004 000783.60
OPER: DIG                   CASE ACTION SUMMARY
PAGE:   1                    CIRCUIT  CRIMINAL                RUN DATE: 02/19/2004
========================================================================
IN THE CIRCUIT COURT OF JEFFERSON                                    JUDGE: VAV

STATE  OF  ALABAMA              VS       DUMONDE DANIEL LAFITTE
                                         324 WASHINGTON ST
CASE: CC 2004 000783.60
                                         BESSEMER, AL  35020 0000

DOB: 03/31/1952         SEX: M  RACE: W  HT: 5 10  WT: 195   HR: BRO EYES: BLU
SSN: 077687398  ALIAS NAMES: GOLDBERG LENNY            SPENCER DANIEL
========================================================================
CHARGE01: PRE-CONV HABEAS CORP CODE01: PCHC  LIT: PRE-CONV HABEA TYP: O #: 001
OFFENSE DATE:                           AGENCY/OFFICER: 0010000 TICE

DATE WAR/CAP ISS:                       DATE ARRESTED: 10/23/2003
DATE    INDICTED:                       DATE    FILED: 02/19/2004
DATE    RELEASED:                       DATE  HEARING:
BOND    AMOUNT:            $.00             SURETIES:

DATE 1:           DESC:                  TIME: 0000
DATE 2:           DESC:                  TIME: 0000

TRACKING NOS: DC 2003 012747 00

   DEF/ATY: BARKER MILTON E JR            TYPE: A            Chas. A. Thomps  TYPE: A
            2205 MORRIS AVE           John Wiley
            BIRMINGHAM     AL 35203                            00000
   PROSECUTOR: BARBER M DAVID

========================================================================
OTH CSE: DC200301274700 CHK/TICKET NO: 418453        GRAND JURY:
COURT REPORTER: _____  SID NO:    000178493
DEF STATUS: JAIL              DEMAND:                          OPER: DIG
========================================================================
DATE        ACTIONS, JUDGEMENTS, AND NOTES
```

| 12-29-03 | Motion for dismissal |
| 2-4-04 | Notification of Motion to proceed pro-se + request for appointment of standby counsel |
| 2-4-04 | Motion for bond reduction |
| 2-18-04 | Dec. in support of request to proceed in forma pauperis |
| 2-19-04 | Writ of Habeas Corpus |
| 3-5-04 | ∆ brought before the Court. This court has been advised that ∆'s case is set to come off the March GJ. This court will not rule on the Habeas Petition until case assigned to a Circuit Judge. Virginia A. Vinson |

EXHIBIT- "S-1"

```
ACRO372              ALABAMA JUDICIAL INFORMATION SYSTEM       CASE: CC 2004 000783.00
OPER: DIG                      CASE ACTION SUMMARY
PAGE:  1                       CIRCUIT  CRIMINAL                RUN DATE: 03/10/2004
===================================================================================
IN THE CIRCUIT COURT OF JEFFERSON                                    JUDGE: MMC

STATE  OF  ALABAMA                  VS       DUMONDE DANIEL LAFITTE
                                             324 WASHINGTON ST
CASE: CC 2004 000783.00                      BESSEMER, AL  35020 0000

DOB: 03/31/1952         SEX: M  RACE: W  HT: 5 10   WT: 195   HR: BRO EYES: BLU
SSN: 077687398  ALIAS NAMES: FITTER MARSHALL           GOLDBERG LENNY
===================================================================================
CHARGE01: THEFT OF PROP 1ST    CODE01: TOP1  LIT: THEFT OF PROP  TYP: F #: 001
CHARGE02: REC STOLEN PROP 1ST  CODE02: RSP1                      TYP: F #: 001
OFFENSE DATE: 08/25/2003             AGENCY/OFFICER: 0010000 TICE

DATE WAR/CAP ISS:                    DATE ARRESTED: 10/23/2003
DATE    INDICTED: 03/05/2004         DATE    FILED: 03/10/2004
DATE    RELEASED:                    DATE  HEARING:
BOND      AMOUNT:         $.00       SURETIES:

DATE 1:              DESC:           TIME: 0000
DATE 2:              DESC:           TIME: 0000

TRACKING NOS: DC 2003 012747 00   /                    /

   DEF/ATY: BARKER MILTON E JR       TYPE: A                         TYPE:
            2205 MORRIS AVE
            BIRMINGHAM      AL 35203
   PROSECUTOR: BARBER M DAVID
```

Chas. Amos Thompson *(signature)*

"Plea of not guilty and waiver of arraignment filed in open Court."

```
===================================================================================
OTH CSE: DC200301274700 CHK/TICKET NO: 418463           GRAND JURY: 70602
COURT REPORTER: ----------------   SID NO:   000178493
DEF STATUS: JAIL               DEMAND:                            OPER: DIG
NOTE: NCIC 2399
===================================================================================
DATE         ACTIONS, JUDGEMENTS, AND NOTES
===================================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 3-4-04 | Motion for Restoration of Property filed |
| MAR 16 2004 | Set this case for PRE-TRIAL on 4-30-04 at 9:00 a.m. *(signature)* JUDGE MIKE McCORMICK |
| APR 30 2004 | It appearing to the Court that the defendant is without and unable to employ counsel and upon defendant's request that the Court appoint counsel to represent him in this cause, the Court hereby appoints Hon. Charles Amos Thompson — THO-090 Attorney at law, to represent him herein. JUDGE McCORMICK  Circuit Judge |

*EXHIBIT - S-1*
*2nd PAGE*

ACRO369   A L A B A M A    J U D I C I A L    I N F O R M A T I O N    C E N T E R
CASE ACTION SUMMARY
CONTINUATION                          CASE: CC 2004 000783.60
JUDGE ID:  VAV

STATE  OF  ALABAMA                VS    DUMONDE DANIEL LAFITTE

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 2-4-04 | Motion to withdraw A&O |
| 1-16-04 | Request for appointment of Defense - Counsel |
| 2-20-04 | Addendum to writ for Habeas Corpus |
| 2-23-04 | Motion to proceed in forma pauperis |
| 5-4-04 | Withhold ruling until June 4, 2004 at 9:00 a.m. |
| | Judge Mike McCormick |
| 5/19/04 | Order From the Court of Criminal Appeals RE: Petition for Writ of Habeas Corpus is Hereby Dismissed |
| 6-4-04 | Re-Set this case for pre-Trial on June 11, 2004 at 9:00 a.m. JUDGE MIKE McCORMICK |
| 6/11/04 | Motion to Dismissed filed in Open Court. |
| 6-11-04 | Motion to dismiss is Granted. Case dismissed |
| 6-15-04 | Petition for Habeas Corpus is dismissed U. Vinson |
| 6/15/04 | All parties notified |
| 4/27/04 | Notice of Appeal of Writ for Habeas Corpus * |
| 11-17-04 | Letter from defd. |
| 11-17-04 | Objection to Violation of Constitutional Right to Habeas Corpus |

* SAME AS EXHIBIT "S-2"

3rd page, Exhibit "S-1"

IN THE CIRCUIT COURT
FOR THE 10TH JUDICIAL CIRCUIT

DANIEL LAFITTE DUMONDE

VS.

DAVID BARBER, Et. Al.
10th Judicial Circuit
JEFFERSON COUNTY, Al.

PLAINTIFF -
PETITIONER

CASE NO: DC 2003-12747
CC.04-783
- CR-03-1126

RESPONDENTS,
DEFENDANTS

NOTICE OF ACTION AND APPEAL
WRIT FOR HABEAS CORPUS

COMES NOW Plaintiff, Daniel Lafitte DuMonde, defendant in the above REFERENCED CASE, No. - DC 2003-12747, deposes and says;

(1.) That PETITIONER has sought Relief from this COURT IN a PREVIOUS **WRIT FOR Habeas -Corpus -** asserting **UNLAWFUL ARREST** and **DENIAL OF - DUE PROCESS OF law** through unlawful means of Prosecutoral Misconduct, i.e., Malfeasance in Office.

(2.) That the **State has failed to appear** or provide **Return** as requested and required by law.

(PAGE ONE) | *STATE EXHIBIT "S-2"*

IN THE CIRCUIT COURT

(3.) That the State has failed to defend it's cause and therefore in default.

(4.) That the "BURDEN is on the State to show - arrest was lawful".
   GRADY V. STATE, (42 AlA. App. 578, 172 So 2d 787)

(5.) That whether or not arrest was lawful, which defendant has asserted that it IS NOT, defendant has become "entitled to his discharge" by reason of some subsequent act or event", as defined in Title 15-21-24, subsection 3, which allows - "The Process is void in consequence of some defect in matter or substance Required by law". (That is, due-process)

(6.) That DUE PROCESS has been denied by the Court's refusal to afford Plaintiff herein a fair- -hearing, or any hearing as previously Requested, including "Motion for Dismissal", Motion for Bond- -Reduction", Motion to Proceed Pro-Se with appoint- ment of Standby Counsel". None of these motions, having been filed more- than 2 months previously, have been heard. No- -RETURN to WRIT has been forthcoming for in excess- of (40) FORTY-Working Days.
            (PAGE TWO)

| STATE-EXHIBIT "8-2" |

(3.)

IN THE CIRCUIT COURT
FOR THE 10TH Judicial Circuit

(7.) PETITIONER/Defendant NOW SERVES NOTICE ON
This Court that under Exigent Circumstances
he shall seek Justice and Relief in the form
of Discharge from the Alabama Supreme-
-COURT, as same has been denied by this court.
I contend a Presumption of PREJUDICE EXISTS.

    Sworn under penalty of perjury this
___5___ day of APRIL, 2004.

                    by

                    _Daniel L. DuMonde_
                    _____
                    DANIEL L. DUMONDE, Pro-Se

Copies of the above have been sent by U.S.-
-Mail to all concerned parties, including the-
following:
            CC. Clerk of the Supreme Court of-
                - Alabama, 300 DEXTER Ave.,
                Montgomery, Al. 36101
            CC. Attorney General
            CC. Anne Marie Adams,
                Circuit Court Clerk, 10th Judicial
                801 21st St. N. Room 901
            CC. David Barber, District Attorney
                801 21st St. N. Room L.01
                    ( PAGE-3    STATE-EXHIBIT "S-2"

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

**H. W. "BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges



**Lane W. Mann**
Clerk
**Wanda K. Ivey**
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## CR-03-1126

Ex parte Daniel Lafitte Dumonde   (In re: State of Alabama vs. Daniel Lafitte Dumonde)
(Jefferson  District Court: DC2003-12747).

## ORDER

Upon consideration of the above referenced Petition for Writ of Habeas Corpus, the
Court of Criminal Appeals orders that said petition be and the same is hereby DISMISSED.

Done this the 19th day of May, 2004.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Robert G. Cahill, District Judge
    Hon. Anne-Marie Adams, District Clerk
    Daniel Lafitte Dumonde, Pro Se
    Hon. Troy King, Attorney General
    Hon. M. David Barber, District Attorney

NOTE: SHOWS THAT SAME FACTS WERE ON
APPEAL EVEN AFTER FED.INDICT,APR.30,
AND FED. PROCEEDING  COMMENCED.

*EXHIBIT-S-3*

AO 110 (Rev. 12/89) Subpoena to Testify Before Grand Jury

# United States District Court

NORTHERN _____ DISTRICT OF _____ ALABAMA

TO:
Daniel Laffite Dumonde
c/o Jefferson County Jail
Birmingham, AL

**SUBPOENA TO TESTIFY
BEFORE GRAND JURY**

SUBPOENA FOR:

☐ PERSON     ☐ DOCUMENT(S) OR OBJECT(S)

YOU ARE HEREBY COMMANDED to appear and testify before the Grand Jury of the United States District Court at the place, date, and time specified below.

| PLACE | COURTROOM |
|---|---|
| **United States Courthouse** | **307A** |
| **Hugo Black Building** | DATE AND TIME |
| **1729 Fifth Avenue North** | **April 28, 2004** |
| **Birmingham, Alabama 35203** | **9:00 a.m.** |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):*

Your presence is required to provide hand writing exemplars.

In lieu of personal appearance, the requested information may be provided by contacting Special Agent Phil Holly, United States Secret Service, Suite 1125, Daniel Building, 15 South 20th Street, Birmingham, Alabama 35433, (205) 731-1144, on or before April 28, 2004.

☐ Please see additional information on reverse

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| CLERK | DATE |
|---|---|
| PERRY D. MATHIS | 04/22/04 |
| (BY) DEPUTY CLERK | USAO #2004R00102 |

This subpoena is issued on application of the United States of America

Alice H. Martin
United States Attorney

NAME, ADDRESS AND PHONE NUMBER OF ASSISTANT U.S. ATTORNEY

John B. Felton, AUSA
1801 Fourth Avenue North
Birmingham, AL 35203   (205) 244-2256

*If not applicable, enter "none"

This form was electronically produced by Elite Federal Forms, Inc.


EXHIBIT "A"

AO 110 (Rev. 12/89) Subpoena to Testify Before Grand Jury

# RETURN OF SERVICE[(1)]

| | DATE | PLACE | |
|---|---|---|---|
| RECEIVED BY SERVER | 4/22/04 | US Attorney's Office | |
| SERVED | 4/22/04 | Jefferson County Jail | |

SERVED ON (PRINT NAME)
Daniel Laffite Dumonde

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Phillip Holly | Special Agent U.S Secret Service |

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER[(2)]

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ___4/22/04___
                      Date

_____Phillip Holly_____
Signature of Server

__15 South 20ᵗʰ St. Suite 1125__
Address of Server    Bham AL 35233

ADDITIONAL INFORMATION

(1)  As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, or Rule 45(c), Federal Rules of Civil Procedure.

(2)  "Fees and mileage need not be tendered to the witness upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 USC 1825, Rule 17(b) Federal Rules of Criminal Procedure)".

"BACK-PAGE" OF EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE: INVESTIGATION BEFORE    )
THE GRAND JURY EMPANELED    )
ON FEBRUARY 26, 2004       )    NO. _____
_____/

## GOVERNMENT'S MOTION
### REQUESTING ORDER TO SHOW CAUSE

COMES NOW the United States of America, by and through its counsel, Alice H.

Martin, United States Attorney for the Northern District of Alabama, and John B. Felton,

Assistant United States Attorney for that district, and respectfully moves this Honorable Court

for an order directing Daniel Lafitte Dumonde to submit handwriting exemplars on a date certain

or show cause why he should not be held in contempt.

As grounds, wherefore, the government states as follows:

1. That on, February 28, 2004, a federal grand jury empaneled in the Northern District of

Alabama, will be investigating a matter concerning an allegation that an individual whos identity

is known to the grand jury, has manufactured and possessed a counterfeit official check in

Jefferson County, Alabama.

2. That Daniel Lafitte Dumonde, who currently is incarcerated at the Jefferson County

Jail, Birmingham, Alabama, was served with a subpoena, commanding him to appear before the

said grand jury at 9:00am on April 28, 2004, and provide handwriting exemplars with regard to

the said matter now under investigation on that date and at that time. This subpoena, as indicated

on the face of the document, is to remain in effect until Daniel Lafitte Dumonde is granted leave

to depart by the court or by an officer acting on behalf of the court. The subpoena also provides

Gov.   APRIL 28,2004
EXHIBIT:   OPEN COURT MOTION, NOT GRANTED

EXHIBIT - B.

that, in lieu of appearing before the said grand jury, Daniel Lafitte Dumonde can submit to the said exemplars to an agent of the United States Secret Service.

3. On or about April 22, 2004, Special Agent Phillip Holly of the United States Secret Service attempted to serve the said subpoena on Mr. Dumonde. Dumonde informed Special Agent Holly that he would not provide handwriting exemplars without an attorney being present.

4. On April 26, 2004, Special Agent Phillip Holly of the United States Secret Service made a second attempt to serve the said subpoena after determining that all counsel appointed to Mr. Dumonde had withdrawn from the case. Dumonde informed Special Agent Holly that he would submit to handwriting exemplars only after a federal judge appointed him counsel.

5. On April 26, 2004, Mr. Dumonde sent a letter to the United States Attorney's Office accompanied by a document titled a "Notice of Invoking 5th Amendment," in which Dumonde claimed a Fifth Amendment right not to submit to handwriting exemplars.

6. That on April 28, 2004, Mr. Dumonde appeared before the said grand jury and refused to give handwriting exemplars as directed by the foreman of the grand jury in compliance with the said subpoena.

WHEREFORE, PREMISES CONSIDERED, the United States respectfully moves this Honorable Court, pursuant to Rule 17(g), Fed. R. Crim. P., for Order directing Daniel Lafitte Dumonde to submit to handwriting exemplars by a certain time and date, or upon failing to do so, to show cause why he should not be held in contempt.

Respecfully submitted on this the 28th day of April, 2004.

ALICE H. MARTIN
United States Attorney

PAGE 2 - EXHIBIT B

JOHN B. FELTON
Assistant United States Attorney

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

AHM/IBF:MAY2004
FILED
04 APR 30 AM 11:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CR-04-B-0176-S |
| DANIEL LAFFITE DUMONDE | ) | |
| also known as Paul Moore | ) | |
| also known as Danny | ) | |
| Also known as Daniel Spencer | ) | |
| and | ) | |
| WADE RICHARD WALKER | ) | |

INDICTMENT

COUNT ONE:  [18 U.S.C. §§ 513(a) and 2]

The Grand Jury charges that:

On or about the 25th day of August, 2003, in Jefferson County, within the Northern

District of Alabama, the defendants,

DANIEL LAFFITE DUMONDE,
also known as Paul Moore,
also known as Danny,
also known as Daniel Spencer,
and
WADE RICHARD WALKER,

each aided and abetted by the other, with the intent to deceive Bobby Jackson, did knowingly

make, possess, utter, and did knowingly cause to be made, possessed, and uttered, a counterfeited

security, that is, an official check in the amount of $16,500, drawn on Regions Bank,

Birmingham, Alabama, an organization which operates in and affects interstate commerce, in     *

*-(2nd Page Indictment text: -"violation of Title 18,U.S.C.-513(A)-
-and 2."

EXHIBIT
-"C"

5/25/04 ℃

# REPORT

**United States Secret Service**
**Office of Investigations**
*Forensic Services Division*
**Questioned Document Branch**

May 18, 2004

To:   SAIC-Birmingham

Subject:   Daniel Lafitte Dumonde

Case No.:  302-813-31047-S
          SA Holly       *a.c. Holly*

Type of Examination:   Handwriting

Reference is made to the Birmingham SSF 1544, serial number 302 2004 CE 69.

1.   EXHIBITS EXAMINED

   Q-1   One page hand printed letter beginning, "My dearest Frances…" with accompanying letter bearing the partial postmark: "BIRMI…L 352…12…V" marked "Q-1 BK" for identification.

   Q-2   Five page handwritten letter beginning, "EMERGENCY NOV 5, 03 Dear Frances…" with accompanying letter bearing the postmark, "BIRMINGHAM AL 352 PM 12 DEC 2003" marked "Q-2 BK" for identification.

   S-1   Three SSF 1607A(s), four SSF 1607D(s), and three SSF 1607(s) bearing the specimen writing of Daniel Dumonde.

2.   REQUEST

   Determine whether or not Daniel Dumonde (S-1) wrote the questioned material on Exhibits Q-1 or Q-2.

3.   RESULTS OF EXAMINATION

→   With the material available for comparison, there are indications that Daniel Dumonde (S-1) may have written Exhibits Q-1 and Q-2, but the evidence is not conclusive.

4.   REMARKS

   If a further comparison is desired, it may be beneficial to obtain non-request (normal course of business) specimens from the Exhibit S-1 writer.

   The submitted exhibits are being returned to the Birmingham Field Office.

*EXHIBIT-"D"*

Bess.

| TATE OF ALABAMA<br>NIFIED JUD. SYSTEM<br><br>RM DC - 6J     7/89 | *203/4092* | **AFFIDAVIT / WARRANT** | | CASE NUMBER<br>03 1274<br>ID   YR   NUMBER |
|---|---|---|---|---|

**IN THE DISTRICT COURT OF JEFFERSON COUNTY**

| HE STATE VS.   DUMONDE, DANIEL LAFITTE | AGENCY:   JEFF CTY SHERIFF<br>OCA:   003087658 | WARRANT NO.   418453<br>JCID NO.   178493 |
|---|---|---|

**HERIFF'S**
**ORMATION:**

SEX MALE     EYE BLUE     SKIN _____     NEAR 51   YEARS OLD
RACE WHITE     HAIR BROWN     WEIGHT ABOUT 195 LBS.     DOB ABOUT 3/31/1952
HEIGHT ABOUT 5 FEET 10 INCHES     SSN 077687398

ADDRESS: 324 WASHINGTON ST *1829 13th AVE N* EMPLOYER: DISABLED
BESSEMER AL     35020 *Bess 35020*

REMARKS:   AKA   GOLDBERG, LENNY     SPENCER, DANIEL
FITTER, MARSHALL     JACKSON, CURTIS

*1829 13th ST N, Bess 35020*

**OMPLAINT:**

PERSONALLY APPEARED BEFORE THE UNDERSIGNED AS MAGISTRATE/JUDGE OF THE DISTRICT COURT OF JEFFERSON COUNTY, IN
AND FOR SAID COUNTY   JACKSON, BOBBIE D     WHO BEING DULY SWORN, SAYS THAT
DUMONDE, DANIEL LAFITTE     WHOSE NAME IS OTHERWISE UNKNOWN TO AFFIANT, IN SAID COUNTY
DID KNOWINGLY OBTAIN OR EXERT UNAUTHORIZED CONTROL OVER, BY DECEPTION,
1 DIAMOND RING $25,050.00

COMMITTED TO JAIL

OCT 23 2003

MIKE HALE
SHERIFF

THE PROPERTY OF   BOBBIE D JACKSON
WITH THE INTENT TO DEPRIVE THE OWNER OF SAID PROPERTY, IN VIOLATION OF SECTION
13A-8-3 OF THE ALABAMA CRIMINAL CODE.

AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA. SUBSCRIBED AND SWORN TO BEFORE ME THIS 16 DAY OF OCTOBER 2003

_____
MAGISTRATE/JUDGE OF THE DISTRICT COURT OF JEFFERSON COUNTY

Bobbie L. Jackson
_____
AFFIANT

**O ANY LAWFUL OFFICER OF SAID STATE,**
YOU ARE HEREBY COMMANDED TO ARREST   DUMONDE, DANIEL LAFITTE     AND BRING HIM OR HER BEFORE
THE JUDGE OF THE DISTRICT COURT OF JEFFERSON COUNTY, AT THE PRESENT TERM OF SAID COURT, TO ANSWER THE STATE OF
ALABAMA ON A CHARGE OF   THEFT OF PROPERTY FIRST DEGREE (DECEPTION OVER $2500)
PREFERRED BY   JACKSON, BOBBIE D     WITNESS MY HAND THIS 16 DAY OF OCTOBER 2003

OFFENSE CODE   23990112
_____
MAGISTRATE/JUDGE OF DISTRICT COURT OF JEFFERSON COUNTY

**OND**
THE OFFICER ARRESTING MAY ADMIT THE DEFENDANT TO BAIL UPON HIS OR HER ENTERING INTO BOND IN THE SUM OF
$100,000 DOLLARS WITH TWO GOOD SECURITIES APPROVED BY SAID OFFICER.

_____
MAGISTRATE/JUDGE OF DISTRICT COURT OF JEFFERSON COUNTY

**MMENTS:**
MAHON     /CGDK     88961806
AT LARGE; BOND JUDGE WATKINS     *HABEAS- EXHIBIT - "G"*

RICE, V W     JCSO   03087658     00000
RECEIPT     EXECUTION

eceived In Office: _____     Executed by Arresting the Within Named Defendant and

☐ Committed To Jail     ☐ Released on Bond Date: _____

# ALABAMA UNIFORM INCIDENT/OFFENSE REPORT SUPPLEMENT REPORT

**OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION**

| 1 | 0 1 0 0 0 0 | 2 AGENCY NAME | Jefferson County Sheriff's Office | 3 DATE AND TIME OF THIS REPORT | 0 8 2 9 0 3 | 09:00 ☐AM ☑PM ☐MID | 4 CASE # | 0 3 0 8 - 7 6 5 8 | 5 SFX |

**EVENT**

| 6 VICTIM'S NAME (ORIGINAL REPORT) | Jackson Bobbie | 7 ORIGINAL OFFENSE DATE | 0 8 2 8 0 3 | 8 TYPE REPORT ☐ CONTINUATION ☑ FOLLOW-UP |
| 9 ORIGINAL INCIDENT/OFFENSE | TOP 1 | 10 UCR CODE | | 11 STATE CODE/LOCAL ORDINANCE 13A-8-3 |
| 12 NEW INCIDENT/OFFENSE | | 13 UCR CODE | | 14 STATE CODE/LOCAL ORDINANCE |

| 15 HAS AN ARREST BEEN MADE? ☐ 1 YES ☑ 2 NO | 16 DATE OF ARREST M D Y | 17 HAS WARRANT BEEN OBTAINED? YES ☐ NO ☐ WARRANT # | 18 DATE OF WARRANT | 19 PRIOR YEAR PREMISE        WEAPON |

| 20 ☐ DEFENDANT ☐ SUSPECT NAME: | | | 20 ☐ DEFENDANT ☐ SUSPECT NAME: |

| 101 RACE ☐ W ☐ A ☐ B ☐ I | 102 SEX ☐ M ☐ F | 103 DOB M D Y | 104 AGE | 118 RACE ☐ W ☐ A ☐ B ☐ I | 119 SEX ☐ M ☐ F | 120 DOB M D Y | 121 AGE |

**NARRATIVE**

I contacted the victim, and she described the suspect as being approximantly, nineteen, years old, with long dark brown hair, which, he wore in a pony tail, and the suspect had a tall thin build, and wore rings on both fingers. I contacted Linda Hill, at the District Attorney's Office, and she is preparing a subpoena for the phone numbers that the suspect used. I also contacted Shirley Hillyer, with Am South Bank, and told her that I would be picking up the check, so it could be printed.

**DOLLAR VALUE**

| | S R D C | 25 CURRENCY, NOTES S R D C | 26 JEWELRY S R D C | 27 CLOTHING/ FURS S R D C | 28 FIREARMS S R D C | 29 OFFICE EQUIPMENT S R D C |
| 24 MOTOR VEHICLE | | | | | | |
| 30 ELECTRONICS S R D C | 31 HOUSEHOLD S R D C | 32 CONSUMABLE S R D C | 33 LIVESTOCK S R D C | 34 MISCELLANEOUS S R D C | | |

| 22 LOCAL USE |
| 23 STATE USE |

| MOTOR VEHICLE RECOVERY ONLY REQUIRED FOR 24XX UCR CODE | 35 STOLEN IN YOUR JURISDICTION? YES ☐ NO ☐ WHERE? | 94 RECOVERED IN YOUR JURISDICTION? YES ☐ NO ☐ WHERE? |

| MULTIPLE CASES CLOSED | 37 CASE # | 38 SFX | 39 CASE # | 40 SFX | 41 CASE # | 42 SFX | 43 ADDITIONAL CASES CLOSED NARRATIVE |

**ADD'L**

| 44 CASE STATUS ☑ 1 - PENDING ☐ 2 - INACTIVE ☐ 3 - CLOSED  ENTERED ☐ Y ACIC/NCIC ☐ N DATE | 45 CASE DISPOSITION ☐ 1 - CLEARED BY ARREST (JUV) ☐ 2 - CLEARED BY ARREST (ADULT) ☐ 3 - UNFOUNDED ☐ 5 - ADMINISTRATIVELY CLEARED | ☐ 4 - EXCEPTIONAL CLEARANCE A - SUSPECT/OFFENDER DEAD B - OTHER PROSECUTION C - EXTRADITION DENIED D - LACK OF PROSECUTION E - JUVENILE, NO REFERRAL F - DEATH OF VICTIM | 46 REPORTING OFFICER Sgt VW Tice | ID # 3378 |
| | | | 47 ASSISTING OFFICER | ID # |
| | | | 48 SUPERVISOR APPROVAL | ID # | 49 WATCH CMDR | ID # |

*EXHIBIT "H"*



# DEPOSITION

INTAKE NO. 8896180b

Date: _10/16/3_
Issued: _10/8/03_
Refused: _____
Referred: _____
Bond: _100,000_
Magistrate/ _8W_

Personally appeared before me   BOBBIE D. JACKSON   _Judge_
being by me first duly sworn, deposes and says:                              (Affiant)

On   8 25 2003   1230   PM      AND 9 PM   3700 CHARLESTON LANE   BHAM AL
        (date and time)                ,at                        (location)

the following incident occurred: _Defieeh came to my home. Said_
_he was Paul Moore's son. Presented me with_
_a counterfit cashiers check in of change for_
_my diamond ring - center stone 4½K & 2K onside_

## SUSPECT INFORMATION

Name: DUMONDE, DANIEL LAFITTE _____ Race W   Sex M   DOB 3 31 1952

Aliases/Description: GOLDBERG, LENNY _____ HAIR BRO   EYES BLU _____

Hgt __5__ ft __10__ in Wgt __195__ Work: __DISABLED_____

Res. Add: __324 WASHINGTON ST_____ BESSEMER AL _____ 35020 _____

SS #: __077 68 7398_____ FBI #: __ AL __ FPC #: _____

Prior Record? __YES_____ Relation to Victim: _____

VICTIM   JACKSON, BOBBIE D           DOB 03021932 RACE W   SEX F
         3700 CHARLESTON LANE
         BHAM AL       35216     HOME   402 2446     WORK   243 0302
                    (name and address)

                                          Does victim have prior record? __NO__

OFFICER IN CHARGE OF CASE
TICE, V W                    JCSO 03087658              BADGE #
HOME  521 1571    WORK  972 0462   OCA   003087658   ORI   AL0010000
                              (name, jurisdiction, case no., phone no.)

OTHER

                              X
In custody? Yes_____ No_____ If yes, where? _X_____         AT LARGE
Is this case a Bham Bail Warrant? Yes_____ No_____ Has case been previously discussed with DA or Magistrate?
Yes_____ No_____ If yes, with whom? _____

OFFENSE: __THEFT 1_____

_____
Magistrate

EXHIBIT: PROBABLE
CAUSE AFFIDAVIT
IN SUPPORT OF "G".

EXHIBIT "J"

x Bobbie D Jackson

**ANNE-MARIE ADAMS, CLERK**
Jefferson County Circuit Court, Criminal Division
Room 901 Mel Bailey Justice Center
801 Richard Arrington, Jr., Boulevard, North
Birmingham, Al 35203

Date:    10/31/05

To:    Daniel L Dumonde

Dear Sir:

Enclosed are the documents you requested.

These documents are not in the clerk's file:  Arrest Record, Forensic Report,
Investigative reports, officer or witness lists or statements, court reporter trial transcripts,
notice of intent to enhance as HFOA per statute, sentence colloquy, search warrants or
PSI (probation) reports.

Sincerely,

*Anne-Marie Adams*

Anne-Marie Adams, Clerk
Circuit Criminal Court, Jefferson County

HABEAS CORPUS EXHIBIT-"L"

Response concerning-

Exhibits "G" and "J".

NOTE: EXHBIT-"S-1" Docket
was received with this letter.
showing No Arrest Warrant Entry

IN THE SUPREME COURT OF THE UNITED STATES

DUMONDE, DANIEL LAFITTE

       Petitioner

           vs.                                         No:   06-8405

USA

## WAIVER

   The Government hereby waives its right to file a response to the petition in this case, unless requested to do so by the Court.

                                              PAUL D. CLEMENT
                                              Solicitor General
                                               Counsel of Record

December 22, 2006

cc:

                DANIEL LAFITTE DUMONDE
                #21609-001
                F.P.C MAXWELL A.F.B.
                MOBILE-B
                MONTGOMERY, AL 36112

## ISSUE OF SUBJECT MATTER JURISDICTION

## -EXHIBIT-"DOC.1"-GOV. WAIVER

1  department colluded to plant certain evidence and there is

2  actually a trail that would show that, in all due respect, Your

3  Honor.

4      MR. FELTON:  Could I put this on the record?  That we

5  have Mr. Dumonde's trial exhibit notebook which has all the

6  exhibits in the case, as well as the grand jury testimony of

7  the co-defendant, of Jencks material that I would provide to

8  him, as well as the trial memorandum and the deposition sheet

9  that we were finally able to acquire.

10     THE COURT:  The deposition sheet?

11     MR. FELTON:  The affidavit for his felony arrest

12  warrant.

13     THE COURT:  Right.  Right.

14     MR. FELTON:  I just wanted to make sure he has that

15  for the record.

16     Secondly, Your Honor, in response to Mr. Dumonde,

17  there is conclusory evidence that letters were sent by

18  Mr. Dumonde to Frances Watts, there is three letters that were

19  sent by him from the jail to her, and she received them, she

20  knows his handwriting.  Those letters purport to tell her what

21  she is supposed to do at the home, what she is supposed to do

22  with the keys to the house, how she is supposed to feed the

23  dog, what she is supposed to do.  She was also told that she

24  was about to be evicted and to get some material out.

25     THE COURT:  Let me stop you.  He is entitled to show

R-PAGE 8, Case No. CR-04-B-0176-S

SUPPRESSION HEARING, SEPT. 9, 2004, EXHIBIT

1    can refute it, including the arresting officers.

2              THE COURT:  Let me say this:  If this is not an

3    objection to the Presentence Report --

4              THE DEFENDANT:  It is.

5              THE COURT:  No.  If this is about the search

6    warrant or anything about your arrest -- what is it then?

7              THE DEFENDANT:  It's that the deposition is not my

8    conduct for the original arrest warrant, and this has been

9    proven beyond any fact.  And no one can refute it.  It's

10   universal law that you can't have probable cause for an

11   arrest using someone else's conduct.  That's why I say it's a

12   travesty and a sham.  This started out one document, this

13   whole trial --

14             THE COURT:  Mr. Dumonde, we've talked about this at

15   length during your trial.

16             THE DEFENDANT:  Ad nauseam.

17             THE COURT:  We are not going to talk about it

18   anymore.  I've overruled that objection.

19             THE DEFENDANT:  Then you are violating your

20   judicial oath to uphold the United States Constitution.

21             THE COURT:  All right.  Your next objection

22   actually did not specifically contain any objections to the

23   guideline range.

24        I'm now going to go to the government's objection.  One

25   you, moved for a Motion For Upward Departure based on the

1    actually the ring, if it were in a nice jewelry store

2    somewhere, would sell for between thirty and thirty-five

3    thousand at that time.

4    Q.    And is that ring very distinguishable?

5    A.    Yes, because of the color.  It's an argyle diamond from

6    Europe, and there's only one mine in Italy that mines these

7    diamonds.  And it's listed in a book that's in the jeweler's --

8    Ron Redding, who was the appraiser, had the book that this ring

9    was numbered and listed in -- this diamond was numbered and

10    listed in.

11            MR. FELTON:  I believe that's all I have at this

12    time, Your Honor.

13            THE COURT:  All right.

14                        **CROSS-EXAMINATION**

15    **BY DEFENDANT DUMONDE:**

16    Q.    How are you doing, ma'am?

17    A.    How do you do?

18    Q.    Okay.  Have you ever seen me before, ma'am?

19    A.    No.

20    Q.    You had said that -- you had said that Daniel Lafitte

21    Dumonde had called you.  Now, you don't know who the person

22    was that called you pretending to be the father?  You had

23    never met him?

24    A.    I never met him in person, no, sir.

25    Q.    But he spoke to you on the phone?

*TESTIMONY OF BOBBIE JACKSON,*
*AFFIANT OF "EXHIBITS "II" & "G"*
*SEP7. 13.2004 (N.D. AL.)*

1    warrant?

2              THE COURT:  No, sir.

3              DEFENDANT DUMONDE:  I mean, swearing to something on

4    a person that you don't know.

5              THE COURT:  Did you learn at some point that there

6    was information that the defendant might be involved in this,

7    that Mr. Dumonde might be involved in this?

8              THE WITNESS:  Yes, ma'am, I did.  I learned through

9    Sergeant Logan -- through Lieutenant Logan and Sergeant Tice,

10   who had done all the research on this, and found who he was and

11   where he was and where he lived and where he was located.

12             And then I gave a description -- I drew a description

13   of the young man, but I had never seen him before until I saw

14   his picture that they had.

15             THE COURT:  All right.

16   Q.   (By Defendant Dumonde)  So you couldn't honestly

17   testify and say that I knowingly obtained anything from you?

18             MR. FELTON:  I object, Your Honor.

19             THE COURT:  Overruled.

20   A.   I don't understand what you're asking me.

21             THE COURT:  Do you have any personal knowledge of

22   your dealings that this man was involved?  That's the question.

23             THE WITNESS:  Oh, no, huh-uh.

24             THE COURT:  All right.  Go ahead.

25             THE WITNESS:  I just got it all from authorities.

Sept. 13, 2004
TESTIMONY OF BOBBIE JACKSON

1    DEFENDANT DUMONDE:  Okay.  Thank you.

2  Q.   So, ma'am, can you truthfully say that I am the person

3  that called you at any given time?

4  A.   No, sir, I can't say that.

5  Q.   And you've never seen me before?

6  A.   Not until I saw you in jail, not until I saw you when we

7  were in court.

8  Q.   So I've never come up to your house; and, to your

9  knowledge, I've never defrauded you in anyway?

10  A.   You never came to my house.

11  Q.   But to your knowledge --

12    THE COURT:  She's answered the question.

13    DEFENDANT DUMONDE:  Okay.  Okay.  Let me see if

14  there's anything I left out.  Bear with me one minute.

15    (Brief pause)

16  Q.   Oh, yes.  The man that you have identified as coming to

17  your house, the young man, at the time he came and exchanged

18  the check for your diamond ring, what type of car was he

19  driving?  You said you had seen it, I believe.

20  A.   It was an older car.  It was dark, and I could not tell,

21  but it was an older, darker car.

22  Q.   It was an older, darker car.  And did he get in on the

23  passenger side?

24  A.   He got -- the best I could tell, he got in on the driver's

25  side.  I did not know.  I could not see.  I didn't even have

TESTIMONY, BOBBIE JACKSON
SEPT. 13, 2004
(N.D. AL)  - CR-04-B-0176-S

1    THE COURT:  Did you think you didn't cover that?

2    MR. FELTON:  I couldn't remember.  I just wanted to

3  -- I think I did, but I just wanted to make sure.

4    THE COURT:  Mr. Weatherford, I was looking back from

5  my notes, and I haven't gotten to you yet, refresh my memory

6  about what you do.

7    THE WITNESS:  I'm the area security officer for the

8  north central region or area of Regions Bank.

9    THE COURT:  Okay.  Go ahead.

10    **CROSS-EXAMINATION**

11  **BY DEFENDANT DUMONDE:**

12  Q.   Yesterday in your testimony, did you say something

13  about the -- I may be wrong, that's why I'm asking -- that

14  the check itself is owned by a separate company?

15  A.   The official checks that Regions Bank and many financial

16  institutions issue, the banks have an agreement with a company

17  called IPS or Integrated Payment Systems.  They own these

18  checks.

19        The checks are issued through the financial

20  institution with the institution's name on it; but, when a

21  person comes into a Regions branch and purchases an official

22  check, Regions accepts the cash, issues the check to this

23  person in their name, and the funds are then sent to IPS, and

24  IPS stands behind the check.

25  Q.   So Regions Bank is a broker for IPS, would you say

*TESTIMONY, BRUCE WEATHERFORD.*
*SEP. 14, 2004*
*CR-04-B-0176-S (NO. AL)*

1    that?

2    A.    The correct terminology, I wouldn't say, but I'm not sure

3    what the correct terminology is there.

4    Q.    Okay.    Does IPS itself affect interstate commerce?

5    A.    There again, I don't know.

6    Q.    Thank you, sir.

7         MR. FELTON:    Nothing further.

8         THE COURT:    Mr. Weatherford, thank you very much.

9         MR. FELTON:    Could I have just about two minutes,

10   Your Honor?

11        THE COURT:    You may.

12             (Brief pause)

13             **REDIRECT EXAMINATION**

14   **BY MR. FELTON:**

15   Q.    Very quickly, Mr. Weatherford, did you verify that the

16   account on the bottom is a Regions routing number?

17   A.    Yes, sir, it's a Regions routing number, and it appears to

18   be a Regions account number.    It's the same number, same

19   numerical sequence.

20        The routing number would cause that check to be sent

21   to Regions bank.    However, it could not post, to the account,

22   because the account number is non-existent at Regions Bank.

23   Q.    So this was purported to go to Regions Bank to be drawn

24   on Regions Bank; correct?

25   A.    Yes, I think that's the original intent of it.

TESTIMONY, BRUCE WEATHERFORD
SEPT. 14, 2004, CR.04-B-0176-S

1          MR. FELTON:  No further questions.

2                    **RECROSS-EXAMINATION**

3     **BY DEFENDANT DUMONDE:**

4     Q.   Would the bank honor a check that was not -- that did

5     not -- that the routing number didn't reflect an account

6     number?

7     A.   Well, it depends on the bank of first deposit.  Now, this

8     document may have been deposited at another bank and given

9     credit to the customer, and then the bank -- that bank would

10    send it through the Federal Reserve, and it would be routed by

11    the routing number to Regions Bank.

12          Once it arrives at Regions Bank, it would be

13    processed, but there's no account number to process it to,

14    because that no account number that's on the check is

15    non-existent.

16    Q.   Right.  It's stamped with no account number on it from

17    the check in evidence.

18          Okay.  That's all.  Thank you.

19          MR. FELTON:  Nothing further, Your Honor.

20          THE COURT:  Okay.  Thank you.

21          MR. FELTON:  The government calls Robert Buck.

22          **ROBERT BUCK, GOVERNMENT'S WITNESS, SWORN.**

23          THE CLERK:  Would you state your name, please?

24          THE WITNESS:  Robert Buck.

25          THE CLERK:  Spell your last name for the record.

*TESTIMONY. BRUCE WEATHERFORD,*
*SEP. 14, 2004*

<u>APPENDIX</u>

<u>DOC.1</u>, <u>WAIVER</u>, Dec.22,2006, SOLICITOR GENERAL,PAUL D, CLEMENT.

EXHIBIT <u>"A"</u>, SUBPOENA FOR "HANDWRITING-SAMPLES",<u>APRIL 28,2004</u>, signed by a <u>deputy clerk only</u>.

EXHIBIT-<u>"B"</u>, GOV. MOTION TO "SHOW CAUSE", (Pre-Indictment) (2-Pages).

EXHIBIT-<u>"C"</u>, INDICTMENT, Violation of 18USC §513(a),<u>APRIL 30,-2004</u>.

EXHIBIT-<u>"D"</u>, SECRET SERVICE REPORT, HANDWRITING,  MAY,18,2004
                               (results)

EXHIBIT-<u>"G"</u>, ALABAMA -"ARREST WARRANT"DOCUMENT, <u>OCT.16,2003</u>.

EXHIBIT-<u>"H"</u>, Jefferson County, ALabama, Incident Report,<u>8/29/03</u>. (County Officers-Work Product-"jencks material") Showing a 19-Year old "SUSPECT" at that date, before Arrest Warrant Affidavit.

EXHIBIT <u>"J"</u>, PROBABLE CAUSE AFFIDAVIT, INSUPPORT OF <u>"EXHIBIT-"G"</u>

EXHIBIT-<u>"L"</u>, COUNTY CLERK'S LETTER, Stating Exhibits "G" and "J"-are <u>UNRECORDED IN THE JEFFERSON COUNTY,AL., CLERK'S OFFICE</u>.


                     OTHER STATE EXHIBITS

EXHIBIT-<u>"S-1"</u>, Docket Summary for ALabama <u>DC-03-12747</u>, obtained with letter from Clerk  Exhibit-"L") ,(3-Pages)

EXHIBIT <u>"S-2"</u>, NOTICE OF APPEAL OF STATE HABEAS CORPUS, Recorded in (Exhibit-"S-1")  -(3-Pages)

EXHIBIT-<u>"S'3"</u>, ORDER, ALABAMA COURT OF CRIMINAL APPEALS,MAY 19,-2003, <u>SUMMARY DISMISSAL OF EX-PARTE HABEAS CORPUS</u>.

               <u>RECORD TRANSCRIPT PAGES,CR-04-B-0176-S</u>
<u>R-PAGES</u>, 233,234,235, TESTIMONY, BRUCE WEATHERFORD, GOv.WITNESS
<u>R-PAGE 8</u>,  <u>A.U.S.A.</u>,  , SEPT 9,2004, Entering, inter alia, Exhbits-"J", AFFIDAVIT AND <u>EXHIBIT-"H"</u>, jencks material on Record,US COURT.
<u>R-PAGES,96,100.102</u>,Sept.13,04,BOBBIE JACKSON, <u>AFFIANT OF EXHIBIT "J"</u>.

                     (PAGE 23.)