IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DANIEL LAFITTE  DUMONDE            *

    Petitioner,                            *

      v.                                 *              2:07-CV-188-MHT
                                                         (WO)
D. DREW, WARDEN, *et al.*,             *

    Respondents.                        *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Petitioner's *pro se* application for habeas corpus relief filed under the provisions of 28 U.S.C. § 1651.  He requests that the court release him from confinement based on an illegal conviction. Upon review of the application , the court concludes that the petition is due to be denied and  dismissed.

## I. DISCUSSION

Petitioner is currently serving a term of 66 months of imprisonment following his conviction for Making, Possessing and Uttering a Counterfeit Security While Aided and Abetted by Another Person, in violation of 18 U.S.C. § 513(a) & (2), which was entered against him by the United States District Court for the Northern District of Alabama.[1]  It is

_____

[1]On September 15, 2004, following a bench trial, Petitioner was found guilty of violating the provisions of 18 U.S.C. § 513 (a) & (2). The trial court sentenced Petitioner on April 15, 2005 for this conviction. *See United States v. Dumonde*, Criminal No. 2:04-CR-176-SLB-PWG, *available at* https://ecf.alnd.uscourts.gov.

matters related to this conviction which Petitioner seeks to challenge in the instant application for habeas corpus relief. In filing this action, Petitioner maintains that his current conviction is void-ab-intio [sic] and his imprisonment egregious and unjustified, He, therefore, requests that his freedom be restored and that he be released immediately.  (Doc. No. 1.)

Petitioner seeks to proceed with this request for habeas corpus relief  pursuant to the provisions of the All Writs Act, 28 U.S.C. § 1651.  The All Writs Act provides, in pertinent part , that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Pennsylvania Bureau of Correction v. U.S. Marshals Service*, 474 U.S. 34, 40  (1985).  "[It]  is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Id*. at 43. "The Act does not create any substantive federal jurisdiction," but rather, it is only "a codification of the federal courts' traditional, inherent power to protect the jurisdiction they already have, derived from some other source." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099-1100 (11th Cir. 2004).  Furthermore, this source of federal court power must only be used in "extraordinary circumstances." *Kerr v.*

*U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976).

A review of the allegations contained in the instant action reflect that Petitioner seeks to challenge the constitutionality of his 2004 judgment for violating 18 U.S.C. § 513(a) & (2) imposed upon him by the United States District Court for the Northern District of Alabama. The law is well settled that 28 U.S.C. § 2255 is the proper statute by which to challenge the validity of a conviction and/or sentence imposed by a federal court. Procedural limitations and/or limitation periods imposed by Congress on the filing of § 2255 motions do not constitute exceptional circumstances for purposes of sanctioning use of the All Writs Act to grant Petitioner's desired relief. Allowing Petitioner to proceed in this matter would expand the use of § 1651 in order to avoid the specific statutory requirements of § 2255 that would otherwise govern his claims regarding the constitutionality of his federal conviction and sentence.

In sum, where 28 U.S.C. § 2255 already provides Petitioner the means by which to challenge the constitutionality of his federal sentence, it is that statute, and not the All Writs Act, which provides the authority for reviewing Petitioner's alleged unconstitutional federal conviction and sentence. Petitioner sets forth no exceptional circumstances, and the undersigned finds none, which would merit the use of extraordinary authority under the provisions of the All Writs Act. *See Pennsylvania Bureau of Corrections*, 474 U.S. at 43. Accordingly, because Petitioner cannot circumvent the rules governing § 2255 motions by filing a request for relief under the provisions of 28 U.S.C. § 1651, this instant action is due

to be denied and dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the application for habeas corpus relief filed by Petitioner pursuant to the provisions of 28 U.S.C. § 1651 be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 26, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

Done, this 14th day of March, 2007.


_____  /s/ Wallace Capel, Jr._____
                                          WALLACE CAPEL, JR.
                                          UNITED STATES MAGISTRATE JUDGE