IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DANIEL LAFITTE DUMONDE                *
                                      *
          PLAINTIFF,                  *
                                      *
V.                                    *     CASE No. 2:07-cv-188-MHT
                                      *              (WO)
WARDEN, D.DREW, PAUL D. CLEMENT,      *
& UNITED STATES OF AMERICA,           *
                                      *
          DEFENDANTS.                 *
_____/


OBJECTION TO RECOMMENDATION OF MAGISTRATE JUDGE-
CRIMINAL COMPLAINT AND NOTICE.

  COMES NOW THE PLAINTIFF, DANIEL LAFITTE DUMONDE, by and through himself, as per his Constitutional Right, in Pro-Se, and Makes OBJECTION TO THE RECOMMENDATION OF THE MAGISTRATE-JUDGE'S ILLEGAL-PROPOSAL, IN WHICH HE RECOMMENDS THAT ARTICLE 1, SECTION 9, CLAUSE 2, OF THE UNITED STATES CONSTITUTION BE BE DISMISSED AND THUS, SUSPENDED BY STATUTORY-SCHEME, TO DEPRIVE PLAINTIFF OF RIGHTS UNDER COLOR OF AUTHORITY.

DISCUSSION

  Plaintiff has brought this action on grounds of MANIFEST-INJUSTICE, THE CLAIMS IN THE ABOVE REFERENCED HABEAS PETITION, ARE PROVEN TO BE IN VIOLATION OF THE PLAIN LANGUAGE OF THE UNITED STATES CONSTITUTION, particularly that THE ARREST WARRANT AFFIDAVIT CONTAINS THE EXCLUSIVE CONDUCT OF ANOTHER, NEITHER THE AFFIDAVIT NOR ARREST WARRANT ACTUALLY EXIST, AS BOTH ARE UNRECORDED, AND THESE WERE USED TO SEIZE PLAINTIFF FROM HIS HOME, AND THEN BY ADDITIONAL ACTS OF SUBTERFUGE, THE FEDERAL GOVERNMENT CONDUCTED AN ILLEGAL TRIAL WITHOUT JURISDICTION-

(PAGE ONE)

## NOTICE OF CRIMINAL ACTS

--OF THE DEFENDANT, <u>PERSONAM NOR SUBJECT MATTER</u>, AND PLAINTIFF ASSERTS THAT HIS CLAIMS, CONSTITUTING <u>SERIOUS CRIMES</u> OF MALFEASANCE, <u>ARE PROVEN-IPSO-FACTO</u>, BY THE EXHIBITS ATTACHED TO THE HABEAS PETITION, AND HEREBY <u>HAS NOTIFIED THIS COURT WITH PROOF'S POSITIVE OF SAID MALFEASANCE</u>, AS IS HIS DUTY UNDER <u>TITLE 18, SECTION §4</u>.

THAT <u>THE CLAIMS</u> OF PLAINTIFF'S HABEAS PETITION <u>CANNOT BE-REASONABLY ARGUED, NOR LEGITIMATELY OPPOSED.</u>

Therefore, as the claims cannot be reasonably opposed, they-are absolute facts: <u>THEY ARE ACTIONABLE UNDER TITLE 18,1962(c), et.seq. R.I.C.O.</u>

Here, the Magistrate has proposed commiting predicate acts of R.I.C.O. Statute, by proposing that the <u>Absolute Right of Article One,§9 Cl 2</u> .be suspended-<u>with prejudice</u>, when he has not adressed the fundamental claims in <u>any capacity</u>, there again proposing that the <u>First Amendment's provision of petitioning the Court for grievances</u>, be denied to Plainitff also, and has <u>recommended in effect,</u> that this Court <u>OBSTRUCT JUSTICE</u> by ignoring clear and irrefutable facts for which on the merits, <u>cannot be argued differently</u>, and in so dismissing with prejudice, <u>prolonging Plaintiff's False Arrest and current illegal and unjustified confinement</u>, such would be tantamount to (further)<u>depriving Plaintiff of Rights under color of Law, in violation of Title 18,USC §§ 241,242.</u>

> "Should any chancellor or so-called Judge in equity proceed against the aggreived party's Constitutional, civil, statutory, and common law rights, whatsoever, he does so at his own peril <u>without any immunity from an action at Law by the injured party</u>". <u>Bivens v. Six Unknown Named Agents of Federal Bureau of-Narcotics</u>, 404 US 388, 29 L. Ed 619, 91 S Ct 1999 (1971)

IN SHORT, <u>THERE EXISTS NO LAWFUL AUTHORITY TO HAVE ARRESTED THE PLAINITFF FROM HIS HOME</u>, NOR THE CONDUCTING OF A FEDERAL-TRIAL TO THE SAME SET OF BAD FACTS WHICH WERE THEN <u>SEIZED BY THE FEDERAL GOVERNMENT-WHILE THOSE SAME FACTS WERE ON APPEAL IN STATE APPEALS COURT</u>, WHERE THESE SAME FACTS WERE USURPED AND AND PLAINTIFF WAS <u>FORCED TO AN ILLEGAL TRIAL ON THE BASIS OF ARREST WARRANT THAT CAN BE PROVEN NOT TO EXIST</u>-EVEN BY SUBPOENA OF THE <u>ISSUING AGENCY</u>, AS THAT CLERK HAS ALREADY STATED THAT THE PROCESS USED TO SEIZE PLAINTIFF IN AN <u>UNBROKEN CHAIN OF CUSTODY, ARE IN FACT-UNRECORDED IN THE COUNTY COURT</u>, IN VIOLATION STATE, FEDERAL AND <u>UNIFORM CRIMINAL RULES</u>.

(HABEAS CORPUS, <u>EXHIBIT-"L"</u>,ATTACHED).

<u>FINAL OBJECTION</u>.

THE MAGISTRATE'S ARGUMENT THAT TITLE 28,§1651, is an inappropriate vehicle to carry this common law Writ guarantee of Article 1, Section 9, Cl 2, is <u>in error</u>. §1651 has only been used here, as the <u>CLAIMS CONSTITUTE CRIMINAL ACTS</u>, and in <u>aid of Jurisdiction</u>.

> That is, if there truly <u>Exists No Lawful Authority to have arrested ,conducted any trial nor continue to legally hold Plaintiff in Prison</u>, certainly, this Court <u>cannot now dictate by what statute Plaintiff DEMANDS HIS FREEDOM RESTORED</u>.

<u>A CLEAR USURPATION OF AUTHORITY OCCURRED IN PLAINTIFF'S INSTANCE</u>.

> "All Writs act is meant to be used only in exceptional case where there is <u>clear abuse of discretion or usurpation of judicial power</u>".
> <u>La Buy v Howes Leather Co.</u> (1957) 352 US 249.1 L Ed 2d 190, 77 S Ct 309, reh den(1957) 352 US 1019, 1L Ed 2d 560, 77 S Ct 553.

(PAGE THREE)

MOREOVER, THE MAGISTRATE HAS NO AUTHORITY TO "ORDER" THE PLAINTIFF'S MOTION FOR A CHANGE OF VENUE BE DENIED. (ATTACHED)

### IN CONCLUSION

The Writ was motioned to be transfered to The District of Columbia on grounds of ACtual Prejudice and conflict of interests in this District and the Northern District of Alabama, and the **Writ** has been filed for Relief-**in lieu of R.I.C.O AND MANDATORY INJUNCTION OF FUTHER ENFORCEMENT OF ILLEGAL AND UNJUSTIFIED CONFINEMENT**. The Writ should not be -Dismissed with Prejudice". However, this Court's opinion is NOW MOOT, as Plaintiff asserts that **Article 1,Section 9, Cl -2, CANNOT BE DISMISSED-"WITH PREJUDICE" WITHOUT ADJUDICATION OF CLAIMS ON THE MERITS**. Plaintiff does not need this Court's permission to **assert a Constituional RIGHT TO HABEAS CORPUS**, the Magistrate is operating as "outlaw", and Plaintiff hereby-withdraws his petition, and has refiled it it in The District of Columbia.

OBJECTIONS SUBMITTED THIS _16_ DAY OF MARCH,2007

By-

/s/ Daniel L. Dumonde

DANIEL L. DUMONDE, PLAINTIFF, PRO-SE
ILLEGALLY KIDNAPPED AMERCIAN
#21609-001, MOBILE-B
F.P.C. MONTGOMERY, ALABAMA, 36112

(PAGE FOUR)

## PROOF OF SERVICE

**I hereby certify and affirm,** that I have caused a true copy of the foregoing OBJECTION TO RECOMMENDATION OF THE MAGISTRATE-JUDGE, CRIMINAL COMPLAINT AND **NOTICE**, <u>AS A COMPLAINT OF JUDICIAL MISCONDUCT/DISABILITY</u>, TO:

SENATOR PATRICK J. LEAHY
SENATE JUDICIARY COMMITTEE
433  SROB
WASHINGTON, D.C.,  20510-4502


DONE, THIS _16_ DAY OF MARCH, 2007

By-
/s/ _____
DANIEL L. DUMONDE, PLAINTIFF, PRO-SE

**(PAGE FIVE)**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL LAFITTE DUMONDE | * | |
| Petitioner, | * | |
| v. | * | 2:07-CV-188-MHT |
| | | (WO) |
| D. DREW, WARDEN, *et al.*, | * | |
| Respondents. | * | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Petitioner's *pro se* application for habeas corpus relief filed under the provisions of 28 U.S.C. § 1651. He requests that the court release him from confinement based on an illegal conviction. Upon review of the application, the court concludes that the petition is due to be denied and dismissed.

**I. DISCUSSION**

Petitioner is currently serving a term of 66 months of imprisonment following his conviction for Making, Possessing and Uttering a Counterfeit Security While Aided and Abetted by Another Person, in violation of 18 U.S.C. § 513(a) & (2), which was entered against him by the United States District Court for the Northern District of Alabama.[1] It is

---

[1] On September 15, 2004, following a bench trial, Petitioner was found guilty of violating the provisions of 18 U.S.C. § 513 (a) & (2). The trial court sentenced Petitioner on April 15, 2005 for this conviction. *See United States v. Dumonde*, Criminal No. 2:04-CR-176-SLB-PWG, *available at* https://ecf.alnd.uscourts.gov.

matters related to this conviction which Petitioner seeks to challenge in the instant application for habeas corpus relief. In filing this action, Petitioner maintains that his current conviction is void-ab-intio [sic] and his imprisonment egregious and unjustified, He, therefore, requests that his freedom be restored and that he be released immediately. (Doc. No. 1.)

Petitioner seeks to proceed with this request for habeas corpus relief pursuant to the provisions of the All Writs Act, 28 U.S.C. § 1651. The All Writs Act provides, in pertinent part, that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Pennsylvania Bureau of Correction v. U.S. Marshals Service*, 474 U.S. 34, 40 (1985). "[It] is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Id.* at 43. "The Act does not create any substantive federal jurisdiction," but rather, it is only "a codification of the federal courts' traditional, inherent power to protect the jurisdiction they already have, derived from some other source." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099-1100 (11th Cir. 2004). Furthermore, this source of federal court power must only be used in "extraordinary circumstances." *Kerr v.*

*U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976).

A review of the allegations contained in the instant action reflect that Petitioner seeks to challenge the constitutionality of his 2004 judgment for violating 18 U.S.C. § 513(a) & (2) imposed upon him by the United States District Court for the Northern District of Alabama. The law is well settled that 28 U.S.C. § 2255 is the proper statute by which to challenge the validity of a conviction and/or sentence imposed by a federal court. Procedural limitations and/or limitation periods imposed by Congress on the filing of § 2255 motions do not constitute exceptional circumstances for purposes of sanctioning use of the All Writs Act to grant Petitioner's desired relief. Allowing Petitioner to proceed in this matter would expand the use of § 1651 in order to avoid the specific statutory requirements of § 2255 that would otherwise govern his claims regarding the constitutionality of his federal conviction and sentence.

In sum, where 28 U.S.C. § 2255 already provides Petitioner the means by which to challenge the constitutionality of his federal sentence, it is that statute, and not the All Writs Act, which provides the authority for reviewing Petitioner's alleged unconstitutional federal conviction and sentence. Petitioner sets forth no exceptional circumstances, and the undersigned finds none, which would merit the use of extraordinary authority under the provisions of the All Writs Act. *See Pennsylvania Bureau of Corrections*, 474 U.S. at 43. Accordingly, because Petitioner cannot circumvent the rules governing § 2255 motions by filing a request for relief under the provisions of 28 U.S.C. § 1651, this instant action is due

to be denied and dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the application for habeas corpus relief filed by Petitioner pursuant to the provisions of 28 U.S.C. § 1651 be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 26, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

Done, this 14th day of March, 2007.


_____  /s/ Wallace Capel, Jr._____
                              WALLACE CAPEL, JR.
                              UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL LAFITTE DUMONDE | * | |
| Petitioner, | * | |
| v. | * | 2:07-CV-188-MHT |
| D. DREW, WARDEN, *et al.*, | * | |
| Respondents. | * | |

**ORDER ON MOTION**

Petitioner's Motion for Change of Venue and Transfer of Habeas Corpus Petition to District of Columbia, having been read and considered, shall be denied.

Accordingly, it is

ORDERED that Petitioner's Motion for Change of Venue and Transfer of Habeas Corpus Petition (Doc. No. 2) be and is hereby DENIED.

Done, this 14th day of March 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

**ANNE-MARIE ADAMS, CLERK**
Jefferson County Circuit Court, Criminal Division
Room 901 Mel Bailey Justice Center
801 Richard Arrington, Jr., Boulevard, North
Birmingham, Al 35203

Date:   10/31/05

To:   Daniel L Dumonde

Dear Sir:

Enclosed are the documents you requested.

These documents are not in the clerk's file:  Arrest Record, Forensic Report, Investigative reports, officer or witness lists or statements, court reporter trial transcripts, notice of intent to enhance as HFOA per statute, sentence colloquy, search warrants or PSI (probation) reports.

Sincerely,

*Anne-Marie Adams*

Anne-Marie Adams, Clerk
Circuit Criminal Court, Jefferson County


*CLERK'S RESPONSE TO REQUEST
FOR CERTIFED COPY OF ARREST-
WARRANT AND AFFIDAVIT.
(USED FOR STATE ARREST
-AND FEDERAL-TRIAL.

HABEAS CORPUS
EXHIBIT - L



DANIEL LAFITTE DUMONDE, PRO-SE
#24608-001, MOBILE b
FEDERAL PRISON CAMP, MAXWELL AFB
MONTGOMERY, ALABAMA, 36112

CLERK
UNITED STATES DISTRICT COURT
ONE CHURCH STREET
MONTGOMERY, ALABAMA,