IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| DANIEL LAFITTE DUMONDE | * | |
| Petitioner, | * | |
| v. | * | 2:07-CV-188-MHT (WO) |
| D. DREW, WARDEN, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 26, 2007, Petitioner filed a pleading styled *Notice of Withdrawal of Habeas Petition and Refiling in the District of Columbia*. The court construes the pleading as a Motion to Dismiss. In support of the motion, Petitioner asserts that undue bias and prejudice exists in the "Federal Alabama District Courts." He goes on to contend that "it is reasonably presumed that Justice will be unduly delayed on Plaintiff's claims of <u>violations of strictly constitutional - Jurisdictional claims</u>, should the petition remain in Alabama's District(s)." (Doc. No. 6.)

On March 14, 2007 the undersigned recommended that Petitioner's application for habeas corpus relief filed under the provisions of 28 U.S.C. § 1651 be denied and dismissed. The basis for the court's Recommendation resulted from its determination that Petitioner's invocation of the All Writs Act in order to essentially mount a challenge to his conviction for violating 18 U.S.C. § 513(a) & (2) (making, possessing and uttering a

counterfeit security while aided and abetted by another person), would impermissibly expand the use of § 1651 in order to avoid the specific statutory requirements of § 2255 that would otherwise govern his claims regarding the constitutionality of his federal conviction and sentence. The Recommendation noted that the All Writs Act "does not create any substantive federal jurisdiction," but rather, is only "a codification of the federal courts' traditional, inherent power to protect the jurisdiction they already have, derived from some other source." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099-1100 (11th Cir. 2004), and that this source of federal court power must only be used in "extraordinary circumstances." *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976). Concluding that 28 U.S.C. § 2255 is the proper statute by which to challenge the validity of a conviction and/or sentence imposed by a federal court and that procedural limitations and/or limitation periods imposed by Congress on the filing of § 2255 motions do not constitute exceptional circumstances for purposes of sanctioning use of the All Writs Act, the undersigned recommended that Petitioner's request for relief under the provisions of 28 U.S.C. § 1651 be denied and dismissed.

Petitioner filed objections to the March 14 Recommendation. He subsequently filed the instant request to dismiss this action on the grounds stated *infra*. The undersigned finds, however, that Petitioner's 's wholly conclusory and subjective belief that the court is unduly biased and prejudiced in its rulings is without basis in fact and not well taken. Accordingly, the court concludes that Petitioner's motion to dismiss the instant action on the grounds

stated is due to be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion to dismiss (Doc. No. 6) be DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 9, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 28th day of March 2007.

                                                                          /s/ Wallace Capel, Jr.
                                                                          WALLACE CAPEL, JR.
                                                                          UNITED STATES MAGISTRATE JUDGE