IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DANIEL LAFITTE DUMONDE,

    PLAINTIFF,

V.                                    Case No. CV-188-MHT

D.DREW, WARDEN, et.al               (WO)

    RESPONDENTS.

## OBJECTIONS TO MAGISTRATE RECOMMENDATION AND MOTION TO TAKE JUDCIAL NOTICE

COMES NOW **THE PLAINTIFF**, and Makes This Motion to Take Judicial Notice pursuant to RULE 201, Federal Rules of Civil Procedure. Plaintiff additionally OBJECTS TO RECOMMENDATIONS OF THE MAGISTRATE'S REPORT.

That **THE PLAINTIFF** did petition this Court by writ for Habeas-Corpus, **UNDER ARTICLE 1, SECTION 9, CL 2**, and using statutory vehicle of 28 USC §1651

Wallace Capel, Jr. recommended DISSMISSING WITH PREJUDICE this Petition, citing §1651 to be inapropriate vehicle, inter alia, and that he did not see any "Extraordinary Circumstances which warrants use of §1651. PLAINTIFF contemporaneously filed a "NOTICE OF WITHDRAWAL OF HABEAS PETITION AND REFILING IN THE DISTRICT OF COLUMBIA, citing ACTUAL PREJUDICE in "Federal ALabama Courts" and grounds of MANIFEST INJUSTICE. Magistrate Capel has subsequently "CONSTRUED" the Motion for withdrwal as a Motion for Dismissal-NOW DENYING THAT NOTICE-(Construed as a Motion).

PLAINTIFF ASSERTS THAT THE MAGISTRATE'S RECOMMENDATION FOR "DISMISSAL WITH PREJUDICE" on the one hand, and now DENYING PLAINTIFF'S NOTICE OF WITHDRAWAL, is an ARBITRARY ACT at least,-

(PAGE ONE)

-and a **FAILURE TO UNDERSTAND PLAINTIFF'S ACTUAL ISSUES**.

## FACTS

THe following facts are <u>not subject to reasonable dispute</u>, and constitute **CRIMINAL ACTS** by JUDICIAL AND COURT OFFICERS, AND LAW-ENFORCEMENT IN THE STATE OF ALABAMA, <u>BOTH STATE AND FEDERAL</u>.

(1.) PLAINTIFF <u>WAS SEIZED FROM HIS HOME</u> OCT 23,2003, by Jefferson-County, ALabama, Sheriff's Dept. on <u>Oct.23,2003</u>, on a "charge" of "Theft by Deception" concerning an acquaintances' exchange of a "Counterfeit Check".

(2.) THAT THE SAME EXACT FACTS LATER BECAME A <u>FEDERAL OFFENSE</u> charged as a single violation of <u>Title 18 USC §513(a)</u>, making, possessing, uttering a Counterfeit-(Check).

(3.) That the <u>SEIZURE</u> from his <u>Home</u> by the original County/State-Agency, was <u>MADE BY USE OF FRAUDULENT AND FICTITIOUS DOCUMENTS PURPORTING TO BE ARREST WARRANT/AND PROBABLE CAUSE AFFIDAVIT- -ARE ACTUALLY FRAUDULENT AND ---FICTITIOUS---INSTRUMENTS.</u>

(4) THAT AS THESE PURPORTED INSTRUMENTS ARE IN FACT <u>UNRECORDED</u>, this fact being acknowledged by <u>CLERK OF THE JEFFERSON, COUNTY, ALABAMA CIRCUIT COURT</u>, the use of these to SEIZE Plaintiff from his home- was in fact a <u>FELONY KIDNAPPING</u>.

(5) That in an <u>UNBROKEN CHAIN OF STATE TO FEDERAL CUSTODY ON THE SAME SET OF FACTS</u>, the United States subsequently also SEIZED THE FRUIT OF A CRIMINAL ACT-i.e.,"KIDNAPPING".

(6) While these facts remained under State Jurisdiction-having been contested in a ALABAMA STATE WRIT OF HABEAS CORPUS, The-

(PAGE TWO)

## FACTS

--Government subsequently SEIZED THE SAME SET OF FACTS-WHILE THOSE SAME FACTS WERE IN FACT ON APPEAL BY STATE WRIT OF HABEAS CORPUS-ASSERTING "ILLEGAL ARREST". -WITHOUT PERSONAL JURISDICTION.

(7) That the USURPED State Facts, and this was USURPATION by the Government when the facts sought to be Federally Prosecuted were On Appeal by Habeas Corpus. (in STATE APPEALS COURT AT SAME TIME)

(8) That underlying facts show that the Assistant United States Attorney,-John Bradley Felton, was a former Jefferson County District Attorney, who CONPIRED WITH HIS FORMER BOSS,DAVID BARBER, to illegally transfer State DETAINEE to Federal-Jurisdiction-WHILE THE SAME SET OF FACTS WERE CONTESTED BY HABEAS CORPUS ON -(EX-PARTE) APPEAL in THE ALABAMA COURT OF CRIMINAL APPEALS-even while this now PLAINTIFF was a State-detainee held on a "Bailable" Offense, and that this was done to ELUDE THE EFFECT OF THE WRIT.

(9) TWO SEPERATE "§2255" MOTION WERE SUMMARILY DISMISSED BY THE-UNITED STATES DISTRICT COURT AT BIRMINGHAM, in a CONPIRACY TO PREVENT THE FACTS OF THE FICTITIOUS WARRANTS USE, CONSTITUING A "KIDNAPPING", FROM BEING LEGALLY ADJUDICATED, whereas the fact cannot be refuted.

(10) In all, including a §2241 petition to this Court, SIX HABEAS PETITIONS ON THESE SAME FACTS HAVE GONE UNADDRESSED-constituing a "SUSPENSION OF THE WRIT.

(PAGE THREE)

IN CONCLUSION,

PLAINTIFF OBJECTS ON THE ABOVE GROUNDS TO WHAT CAN BE "CONSTRUED" BY PLAINTIFF in an action under the R.I.C.O. statute, 18 USC 1962,et.seq., that the Magistrate's actions are in furtherance of a **CONPIRACY**. While Plaintiff is not now asserting this, it is clearly shown that SERIOUS <u>CRIMINAL ACTS HAVE BEEN COMMITTED AGAINST THIS PLAINTIFF</u>, and after <u>SIX-HABEAS-UNANSWERED</u>, filed under TRULY <u>EXTRAORIDINARY CIRCUMSTANCES</u>, deprivations of Plaintiff's fundamental rights have occurred, and the accuracy of Plaintiff's assertions here are such as <u>cannot be reasonably questioned</u>, and <u>can be readily determined in a Court of Law</u>.

Therefore, as the crimes against Plaintiff have occurred in both State and Federal Jurisdictions in The Northern District of Alabama, and this Court has demonstrated a RELUCTANCE to address the actual and serious facts, at least,-a conflict exists, and Plaintiff has demonstrated what <u>CAN BE PROVED IN ANY-COURT OF LAW THAT WISHES TO ACCORD THIS PLAINTIFF THE DUE PROCESS-OF LAW</u>, AND HEAR THE EGREGIOUS CIRCUMSTANCES, CONSTITUTING-<u>MANIFEST INJUSTICE</u>, where certainly §1651 is appropriate.-AND THE-TRANSFER OF PETITION TO DISTRICT OF COLUMBIA IS WARRANTED.

PLAINTIFF MOVES THE COURT TO TAKE JUDICIAL NOTICE THE ABOVE SWORN ON MY OATH, under PENALTY OF --PERJURY, and Title 28,U.S.C. §1746.

THIS __30__ DAY OF MARCH 30, 2007,

By- /s/ _Daniel L. Dumonde_
DANIEL L. DUMONDE, PLAINTIFF, PRO-SE
(PAGE FOUR)    #21609-001

DANIEL LAFITTE DUMONDE, PRO-SE
#41602-001, MOBILE-B
FEDERAL PRISON CAMP MAXWELL AFB
MONTGOMERY, ALABAMA, 36112

MONTGOMERY, AL
APR 2007

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
ONE CHURCH STREET
MONTGOMERY, ALABAMA, 36104

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL LAFITTE DUMONDE | * | |
| Petitioner, | * | |
| v. | * | 2:07-CV-188-MHT (WO) |
| D. DREW, WARDEN, *et al.*, | * | |
| Respondents. | * | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 26, 2007, Petitioner filed a pleading styled *Notice of Withdrawal of Habeas Petition and Refiling in the District of Columbia*. The court construes the pleading as a Motion to Dismiss. In support of the motion, Petitioner asserts that undue bias and prejudice exists in the "Federal Alabama District Courts." He goes on to contend that "it is reasonably presumed that Justice will be unduly delayed on Plaintiff's claims of <u>violations of strictly constitutional - Jurisdictional claims</u>, should the petition remain in Alabama's District(s)." (Doc. No. 6.)

On March 14, 2007 the undersigned recommended that Petitioner's application for habeas corpus relief filed under the provisions of 28 U.S.C. § 1651 be denied and dismissed. The basis for the court's Recommendation resulted from its determination that Petitioner's invocation of the All Writs Act in order to essentially mount a challenge to his conviction for violating 18 U.S.C. § 513(a) & (2) (making, possessing and uttering a

counterfeit security while aided and abetted by another person), would impermissibly expand the use of § 1651 in order to avoid the specific statutory requirements of § 2255 that would otherwise govern his claims regarding the constitutionality of his federal conviction and sentence. The Recommendation noted that the All Writs Act "does not create any substantive federal jurisdiction," but rather, is only "a codification of the federal courts' traditional, inherent power to protect the jurisdiction they already have, derived from some other source." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099-1100 (11th Cir. 2004), and that this source of federal court power must only be used in "extraordinary circumstances." *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976). Concluding that 28 U.S.C. § 2255 is the proper statute by which to challenge the validity of a conviction and/or sentence imposed by a federal court and that procedural limitations and/or limitation periods imposed by Congress on the filing of § 2255 motions do not constitute exceptional circumstances for purposes of sanctioning use of the All Writs Act, the undersigned recommended that Petitioner's request for relief under the provisions of 28 U.S.C. § 1651 be denied and dismissed.

Petitioner filed objections to the March 14 Recommendation. He subsequently filed the instant request to dismiss this action on the grounds stated *infra*. The undersigned finds, however, that Petitioner's 's wholly conclusory and subjective belief that the court is unduly biased and prejudiced in its rulings is without basis in fact and not well taken. Accordingly, the court concludes that Petitioner's motion to dismiss the instant action on the grounds

stated is due to be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion to dismiss (Doc. No. 6) be DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 9, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 28th day of March 2007.

_____/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE